# Weaver *v.* The State.

*Indictment for Grand Larceny.*

1.  *Confession, or admission implied from silence.*—The statement of the justice of the peace before whom the preliminary examination of the defendant was had, testifying as a witness on the trial, " that he explained the charge to the defendant, and asked him if he desired to make a statement ; that, after defendant made his statement, witness told him his own statement would convict him, and defendant made no reply,"— is not a confession, or admission implied from silence, and is not competent evidence against the defendant.

2.  *Larceny ; constituents of offense.*—A conviction of larceny can not be had against a person who finds or picks up money which has been lost or dropped by the owner, unless there was a felonious intent contemporaneous with the finding or picking up, though it is not necessary that such intent should be established by positive testimony; but, if the defendant took the money from the person of the owner, or from any place in which he had put it, such taking being tortious, a felonious intent subsequently conceived and executed would constitute larceny.

FROM the Circuit Court of Tuskaloosa.

Tried before the Hon. S. H. SPROTT.

The indictment in this case charged, that the defendant feloniously took and carried away $65 in money, consisting of silver coin, the personal property of J. T. Freeman.    On the trial, as the bill of exceptions states, the prosecutor testified to the loss of his money, and the subsequent recovery of part of it, substantially as follows :    On the 13th January, 1883, witness and the defendant travelled together in a wagon from their homes to Northport, the witness having with him about $259.25 ; and on their return in the evening, they camped out together in the wagon about a mile out of town, no one being with them but a little boy.    Witness paid several bills during the day, " and was drinking when he left Northport ;" and he had with

[Weaver v. The State.]

him, as he supposed, about $67.70, consisting of silver dollars and small coins, which were tied up in a shot sack, and some of which had holes punched in them. "He awoke in the morning, about three o'clock, and missed his money. He felt about for it on his pallet, and, not finding it, asked defendant if he knew where it was; who replied, that he did not, and that witness had probably left it in Northport." They returned to Northport, but did not find the money, and then went home together. After the lapse of a few days, "witness got from a grocery-keeper some dimes with holes in them, which were like those he had lost," and which the defendant had spent at the grocery; and he then went to the defendant, and demanded his money. After some equivocation, the defendant said, "I got your money, but I did not mean any harm by it;" and he produced the sack, with the money in it, "from a gum behind his house." On counting the money, only $46.25 was found in the bag; but the defendant, when asked for the residue, said that was all. Witness arrived at the sum which he said was in the bag ($67.70), by adding up the bills he had paid, subtracting the sum from the $259.25 which he carried to town, "and knocking off $5 for what he might have spent while drinking." The State introduced one Long as a witness, "who testified, that he, as a magistrate, held the preliminary trial charging the defendant with grand larceny of the money; that he explained the charge to the defendant, and asked him if he desired to make a statement; that, after defendant had made his statement, he, witness, told him his own statement would convict him; to which defendant made no reply. The defendant declined to cross-examine this witness, but moved to exclude his evidence from the jury; which motion the court overruled, and the defendant excepted. The defendant introduced evidence tending to show that, on the way out to camp from Northport, the evening it was said the money was lost, he found the money in the road; that he saw said Freeman fall out of his wagon, and he picked up the money where Freeman fell out."

"This being substantially all the evidence in the case," the defendant requested the following charges to the jury: (1.) "If the jury believe, from the evidence, that there was no felonious intent at the time of the taking by the defendant, they must find the defendant not guilty." (3.) "If the jury believe, from the evidence, that the taking was open, and there was no subsequent attempt to conceal the property, and no denial, but an avowal of the taking, a strong presumption arises, that there was no felonious intent; which presumption can not be repelled, nor a conviction authorized, without clear and convincing evidence." (4.) "If the jury believe, from the evidence, that the defendant returned all, or any part of the money, to the owner,

this is a circumstance tending to raise the presumption that there was, as to the part so returned, no felonious intent at the time of the taking." The court refused each of these charges, and the defendant excepted to their refusal.

Wood & Wood, and Martin & Martin, for the appellant.

T. N. McClellan, Attorney-General, for the State.

STONE, C. J.—The witness Long testified, that he, as justice of the peace, presided in the preliminary trial of the accused, when the present prosecution was instituted. He was then permitted to testify, against the objection and exception of the accused, "that he explained the charge to defendant, and asked him if he desired to make a statement; that, after defendant made his statement, he, witness, told him, defendant, that his own statement would convict him, to which defendant made no reply." The legality of this evidence is attempted to be maintained, on the alleged ground that it is a confession, implied from silence. Confession of what? Not of any criminating fact in the case, for there is no proof of any fact, nor of any thing stated as fact. Giving it its full scope and import, it was, at most, the expressed opinion of the witness that defendant's own statement of the facts was, in itself, enough to convict him; and if defendant's silence be construed to be a confession, it can only be a confession that Long, the witness, believed defendant's statement of the facts to be sufficiently criminative to justify his conviction. It requires neither argument nor authority to show, that Long's opinion of the sufficiency of the evidence could not be the subject of legal testimony against the accused; and we can not perceive how defendant's confession that such was Long's opinion can transform it into legal evidence. Long testified to no fact stated by him to the defendant. Let us suppose the latter had attempted a reply, what would have been its form? To negative what had been said, he must have denied that such was Long's opinion, or denied that such opinion was justified by his, defendant's statement.

To come within the rule we have been considering, the statements must be made as of fact, pertinent to the issue, and such as would ordinarily elicit, or provoke a reply. They must be stated as of fact; for, as a rule, only facts, whether proved independently, or by admissions, can be given in evidence to a jury. The rule is correctly declared in the following authorities: 1 Greenl. Ev. §§ 197, *et seq*; *Fuller v. Dean*, 31 Ala. 654; *Bob v. The State*, 32 Ala. 560; *Campbell v. The State*, 55

Ala. 80.   The Circuit Court erred in admitting the evidence of the witness Long.

The testimony is somewhat indeterminate, as to how the defendant came into possession of the money alleged to have been stolen.   If the money was dropped or lost by Freeman, and found or picked up by the defendant, then, to justify a conviction, it is necessary that there should have been the felonious intent contemporaneously with the finding or picking up; and unless the facts and circumstances in evidence convince the jury of this beyond a reasonable doubt, the defendant, on this hypothesis of the case, can not be convicted. · This intent, however, need, not be proved by positive testimony, but may be inferred from the circumstances, if sufficient.   On the other hand, if the defendant did not find or pick up the money, but took it from Freeman's person, or from any place where he had put it, or from his bed where he lay, then the taking was a trespass, and it is not essential to his guilt that he should have had the intention to convert it feloniously at that very moment.   Acquiring it tortiously, if he conceived and executed the purpose subsequently to convert the property feloniously to his own use, this would constitute larceny.—*Griggs v. The State*, 58 Ala. 425 ;  Clark's Manual, §§ 940, 941 ;  *McMullen v. The State*, 53 Ala. 531.

The first charge asked and refused was correct, on one hypothesis of the case, but not on the other.   It was rightly refused.   The third charge was supported by no testimony, and was, therefore, abstract.   The fourth charge does not assert a correct legal proposition.

Reversed and remanded.   Let the defendant remain in custody, until discharged by due course of law.