# Crocheron *v.* The State.

*Indictment for Larceny of Mule.*

1. *Constituents of offense.*—A farm servant, having the care and custody of a mule, from day to day, for the purpose of working and feeding it, may be guilty of larceny by a fraudulent conversion to his own use.

FROM the Circuit Court of Marengo.

Tried before the Hon. WM. E. CLARKE.

The defendant in this case, Lewis Crocheron, was indicted for the larceny of a mule, the property of Newton Marx; and was convicted under the charge of the court. On the trial, as the bill of exceptions states, said Marx testified, on the part of the State, that he employed the defendant on his place, during the year 1887, "to perform the ordinary service of a farm hand; that the defendant, as such, did plow, feed, and generally use the mule alleged to have been stolen; that one day during said year, before the finding of the indictment, defendant took the mule, and went to the field, where he plowed it until nearly sunset, when he took it out of the plow, and went to water it;" and that he did not see the mule again for several days, when he found it in the possession of one Childs, in Marion, to whom the defendant had sold the animal. The defendant asked the court to charge the jury, in writing, "that if they believe the defendant had charge of the mule, and took it out of the plow whilst in his

[Crocheron v. The State.]

custody, then he is not guilty of larceny." The court refused this charge, and the defendant excepted.

JNO. C. ANDERSON, for the appellant, cited Clark's Manual, §§ 920, 934; 3 Chitty's Crim. Law, 917; Roscoe's Crim. Ev., 623–24; 3 Greenl. Ev., § 154; *Lyon v. State*, 61 Ala. 224.

THOS. N. McCLELLAN, Attorney-General, for the State, cited *Oxford v. State*, 33 Ala. 416; Clark's Manual, 154.

SOMERVILLE, J.—The conviction of the defendant for larceny was proper under the circumstances. The prosecutor had parted only with the *custody* of the *mule*, as distinguished from the *possession*, which was still in him as owner, although the defendant had the custody of the animal as mere employee or servant. It has often been decided, and is now settled law, that goods in the bare charge or custody of a servant are legally in the possession of the master, and the servant may be guilty of trespass and larceny by the fraudulent conversion of such goods to his own use.—*Oxford v. State*, 33 Ala. 416; 2 Bish. Crim. Law (7th Ed.), § 824.

It is accordingly said by Lord Hale, that it would be larceny if a butler should appropriate his master's plate, of which he had charge; or the shepherd, his master's sheep in his custody; and so, of an apprentice who feloniously embezzles his master's goods.—1 Hale, 506; Roscoe's Crim. Ev. (7th Ed.), *639. In all such cases, the custody of the servant is distinguishable from that of a bailee, or other person who has a special property in the goods, by reason of being under a special contract with respect to them. A mere servant, or employee, has no such special property.—3 Greenl. Ev. (14th Ed.), § 162. Where, however, a bailee, having such special property in goods, converts them to his own use, no conviction of *larceny* can be had, without proving a fraudulent or felonious intention on his part at the time he received the goods in bailment. 2 Whart. Cr. Law, (9th Ed.), § 963; *Watson v. State*, 70 Ala. 13.

The charge requested by the defendant was in direct conflict with this view of the law, and was properly refused.

The judgment is affirmed.