# Upshur *v.* The State.

*Indictment for Fraudulent Sale of Mortgaged Property.*

1. *Indictment; joinder of counts.*—Counts for the fraudulent sale or removal of mortgaged property, or property subject to a lien created by law, and for embezzlement, may be joined in one indictment, and

[Upshur v. The State.]

an election by the prosecution will not be compelled unless it appears they are founded on different transactions.

2. *Same ; election.*—Where, out of precaution to meet every aspect of a single offense, an indictment charges distinct crimes, and no attempt is made to convict accused of disconnected offenses, the State will not be compelled to elect.—(*Butler v. State*, 91 Ala. 87, and *Tanner v. State*, 92 Ala. 1, followed.)

APPEAL from the City Court of Montgomery.

Tried before the Hon. THOMAS M. ARRINGTON.

Levi Upshur was indicted in one count for unlawfully disposing of a horse upon which there was a lien, and, in another count, for embezzling the same horse. There was a general verdict of guilty, and he appeals.

The indictment is as follows : "The grand jury of said county charge that, before the finding of this indictment, Levi Upshur, with the purpose to hinder, delay, or defraud Winter & Loeb, a partnership composed of —— Winter, whose Christian name is to the grand jury unknown, and Jacques Loeb, who had a lawful and valid claim thereto under a written instrument, lien created by law, for rent or advances, or other lawful and valid claim, verbal or written, did sell or remove personal property, consisting of a horse, of the value of fifty dollars, the said Levi Upshur having at the time a knowledge of the existence of such claim. The grand jury of said county further charge that, before the finding of this indictment, Levi Upshur, being the bailee of Alf Downing, did embezzle, or fraudulently convert to his own use, one horse, the personal property of said Alf Downing, which said horse had come into the possession of the said Upshur by virtue of a bailment for the benefit of the said bailee, the said Upshur, and which said horse was of the value of fifty dollars, against the peace," etc. On the trial of the cause, the jury returned the following verdict : "We, the jury, find the defendant guilty." The defendant then moved the court for an arrest of judgment on the following grounds : "(1) That the indictment is, upon its face, defective ; (2) that the verdict of the jury is defective, in that a general verdict of guilty was returned upon an indictment which charges two separate and distinct offenses, and against separate and distinct persons; (3) that the State failed to elect upon which count in the indictment it would try the defendant,—all of which defendant alleges as error." This motion was overruled, and the defendant excepted.

JOHN A. ELMORE, for the appellant, cited, *Bass v. The State*, 63 Ala. 103; *Tanner v. The State*, 92 Ala. 1; *Smith v. The State*, 52 Ala. 384.

[Karr v. The State.]

WM. L. MARTIN, Attorney-General, for the State.

*Per Curiam.*—This case is affirmed on the authority of *Butler v. State*, 91 Ala. 87; *Tanner v. State*, 92 Ala. 1; 3 Brick. Dig. 268, § 242.

Affirmed.