# Parker v. The State.

### *Indictment for Larceny.*

1. *Larceny of a plow stock; there should be proof of value.*—A plow stock is not one of the things, the felonious taking and carrying away of which is by statute declared to be larceny, without regard to value; and to authorize a conviction under an indictment which charges the larceny only of a plow stock, there must be proof of its value.

2. *Indictment for larceny; where there can be no conviction for embezzlement.*—Where, on a trial under an indictment for larceny, which contains no count or alternative charge for embezzlement, the evidence makes out a case of embezzlement, instead of larceny, the defendant can not be convicted as charged in the indictment.

APPEAL from the County Court of Bibb.

Tried before the Hon. N. H. THOMPSON.

The appellant was tried and convicted under a complaint which charged that he "feloniously took and carried away a plow stock, the personal property of Henry Parker of the value of one dollar."

The evidence for the State, as is shown by the bill of exceptions, tended to show that during the year 1895, while the defendant was a laborer on the plantation of Henry Parker, he carried away from said plantation a plow stock, which the defendant used in making a crop on Henry Parker's lands that year. The defendant asked the general charge in his favor, and also the following charge: "The court charges the jury that if they have a reasonable doubt as to whether the defendant is guilty of the offense of embezzlement or of larceny, they should give the defendant the benefit of such doubt and acquit him." The court refused to give each of these charges, together with other charges requested by the defendant, and to the refusal to give each of them as

asked, the defendant separately excepted. The other facts of the case are sufficiently stated in the opinion.

No counsel marked as appearing for appellant.

WILLIAM C. FITTS, Attorney-General, for the State.

PER CURIAM.—The defendant was charged with the larceny of a plow-stock. There are certain designated subject matters, the felonious taking and carrying away of which, is by statute declared to be larceny without regard to value, such as a horse, hog, a part of an outstanding crop, &c. When the statute does not declare the articles to be the subject of larceny without reference to value, it is necessary to aver and prove, to authorize a conviction, that it was property and of value, probably with the single exception of money.—*Lucas v. The State*, 96 Ala. 51. The courts take judicial knowledge that money is property and of value.—*Gady's Case*, 83 Ala. 51. In the case before us, there is no evidence of the value of the plow-stock, or that it had any value. The record purports to contain all the evidence. This question was raised by the request of the defendant to give the general charge. Under the evidence, it should have been given.

There was no count or alternative charge in the complaint for embezzlement. If the evidence made out a case of embezzlement instead of larceny, the defendant could not be convicted of larceny. The two offenses may be united in one complaint in different counts, and when the complaint is thus framed to meet one offense, an election will not be ordered.—*Upshur v. State*, 100 Ala. 2; *Butler v. State*, 91 Ala. 87. The charge is for larceny only. As to the difference between larceny and embezzlement when applied to the facts of this case, see *Holbrook v. State*, 107 Ala. 154; *Washington v. State*, 106 Ala. 58; also *Crocheron v. State*, 86 Ala. 64.

Reversed and remanded.