# Vandegrift *v.* The State.

## *Larceny.*

(Decided May 6, 1907. 43 South. 855.)

1. *Larceny; Property; Value.*—The value of the article stolen is not of the corpus delicti but its importance is that it determines the grade of the larceny.—Section 5049, Code 1896.

2. *Evidence; Opinion Evidence; Value.*—In a prosecution for larceny the value of a stolen article may be proven by the opinion of non experts, although not based on the market value, as the market value is not the sole criterion of a value sufficient to sustain a charge of larceny.

3. *Trial; Instructions Ignoring Evidence.*—Where defendant testified to finding the watch and gave his reasons for not denying the taking when accused of it, a charge asserting that the jury was not authorized to convict him on account of anything done by him with regard to it after it had been stolen, was in effect to forbid the consideration of his subsequent conduct as bearing on his guilt or innocence of the offense and was properly refused.

APPEAL from Mobile City Court.

Heard before Hon. O. J. SEMMES.

John Vandegrift was convicted of grand larceny, and appeals. Affirmed.

The appellant was indicted, jointly with another, for the felonious taking of a watch of the value of $150, the property of John Betro. The evidence for the state tended to show that the witness thought the least present value of the watch was $50, although he did not know the market value of the watch. Another witness

said that, without knowing the market value of the watch, in her opinion it was worth $150. This is practically all the evidence in regard to the value. At the conclusion of the testimony the defendant requested the following charge which was refused: "The question for the jury to determine in this case is, does the evidence show beyond all reasonable doubt that the defendant is guilty of the larceny of the watch as charged in the indictment? and the jury are not authorized to convict him for any action on the defendant's part done or committed in regard to the watch subsequent to its being stolen." He was convicted of the offense of grand larceny and sentenced to the penitentiary for 18 months. The defendant, testifying for himself, stated that he was asked to assist in looking for the watch, and that he agreed to do so, and found the watch over the storeroom among some old jugs and things that were setting around. "The watch was lying under a loose piece of tin, which I happened to kick with my foot as I went in the door. There were some old jugs in there big enough to hide a watch under. The reason I did not deny taking the watch when Johnson accused me of it before Lacey was because I did not think it was any time to make a statement. I did not have a lawyer, and did not know what to do about it."

CHARLES L. BROMBERG, for appellant.—The statute prescribing the offense of grand larceny in so far as the value is concerned has reference to the market value of the property stolen.—*State v. Doeke,* 30 Am. Rep. 735; *Cannon v. The State,* 18 Tex. 172; *Martinez v. The State,* 16 Tex. App. 122; *People v. Cole,* 54 Mich. 238; 2 Bishop's Crim. Proc. § 751; Code 1896, § 5049. A witness who has no knowledge of the value of stolen property is not competent to testify to its value although he

may know what he paid for it.—*Cen. of Ga. v. Main,* 135 Ala. 441; *Chicago R. R. Co. v. Douglass,* 76 S. W. 449; *Seattle R. R. Co. v. Gilchrist,* 30 Pas. 739; 12 A. & E. Ency. of Law, 479; Wharton's Crim. Evi. § 416. The value of the property at the time of the larceny is the distinguishing test.—*People v. Cole, supra; State v. Brown,* 55 Kan. 611.

ALEXANDER M. GARBER, Attorney General, for State. —No brief came to the Reporter.

McCLELLAN, J.—The appellant was convicted of grand larceny, and his reliance for a reversal of the judgment, on which he insists, is that there was no legal testimony adduced from which the jury were warranted in finding the value of the property alleged to have been taken to be over $25. The provision of section 5049 relative to the value of the subject of the larceny is for the purpose of distinguishing the greater from the less offense—grand from petit larceny. It is not an element of the corpus delicti in the strict sense of the term, but is important in determining the grade of the offense, and consequently the penalty to be inflicted.—2 Bish. New. Crim. Pro. § 751.

Ordinarily the market value of the property is the standard of value by which the grade of offense is determinable. But this is not always true, though under our adjudications the property taken, with the exception of money of the realm and those articles the larceny of which are declared an offense without regard to their value, must be shown to have some value.—1 May. Dig. 582; *Parker's Case,* 111 Ala. 72, 20 South. 343. Numerous articles may be the subject of the higher grade of larceny that are entirely without market value. Family portraits and heirlooms of various kinds may be lar-

cenously taken, though without value to any one save the owner.—2 Bish. supra. So it may be said that the market value is not the sole criterion of a value sufficient to sustain a conviction of grand larceny.

The testimony on the part of the state tended to show that the value of the watch alleged to have been taken was above $25. It required no expert, as indicated above, to show that fact. However, the precise question was decided by this court in *Cohen's Case*, 50 Ala. 108, and that that decision is sound there can be no doubt.—*Southern Ry. Co. v. Morris*, 143 Ala. 628, 42 South. 17.

The charge refused to defendant was properly so treated, since its effect was to forbid the jury's consideration of the defendant's subsequent conduct with reference to the finding of the watch, as bearing upon his guilt or innocence of the offense charged.

No error appearing in the record, the judgment of conviction is affirmed.

TYSON, C. J., and DOWDELL and ANDERSON, JJ., concur.