N. P. HATCHER, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error*.

Opinion filed October 19, 1917.

1. In a prosecution for receiving stolen goods knowing them to have been stolen, where the legal effect of the evidence is to show that the goods received by the defendant were stolen and not embezzled, a contention that the defendant is illegally convicted because the evidence shows embezzlement, is unavailing.

2. Where a servant is sent with a wagon to get sacks of grain purchased by his employer and to transport them to the barn of the employer, the grain is in the legal and constructive possession of the employer when the wagon with the grain arrives at the employer's barn; and if the servant unloads the grain except two of the sacks, which two sacks he leaves in the wagon and takes away with a felonious intent to deprive the owner of them, the servant commits a trespass and the crime of larceny of the two sacks; and a person who receives the two sacks knowing them to have been stolen may be convicted of the statutory crime of receiving stolen goods knowing them to have been stolen.

3. Where charges on the subject of reasonable doubt are sufficiently accurate, entirely fair and could not reasonably have misled the jury to the defendant's prejudice, technical objections to the charges will not avail.

4. A charge that the jury should not convict upon the testimony of an accomplice alone unless they are satisfied beyond a reasonable doubt of its truth "and that they can safely rely upon it," is not harmful.

5. A requested charge on the effect of the testimony of an accomplice is properly refused when it contains a statement that "it ought to be corroborated in material facts."

Writ of error to Criminal Court of Record for Orange County, T. P. Warlow, Judge.

Affirmed.

*Dickinson & Dickinson,* for Plaintiff in Error;

*T. F. West,* Attorney General, and *C. O. Andrews,* Assistant, for the State.

WHITFIELD, J.—Hatcher was convicted of the crime of receiving stolen goods knowing them to have been stolen

as defined in section 3304, General Statutes of 1906, Compiled Laws 1914, and took writ of error.

It is in effect contended here that the evidence shows an embezzlement by the servant of the owner from whom the goods were received, and not larceny of the goods by him; and that, though our statute makes embezzlement by a servant punishable as larceny, the statutes defining the crime of receiving stolen goods knowing them to have been stolen and the crime of receiving embezzled property knowing it to have been embezzled are distinct, therefore, the conviction cannot stand, the statute not making embezzlement larceny but merely punishable as larceny.

The contention does not avail since the legal effect of the evidence is to show larceny and not embezzlement by the servant of the owner from whom the defendant received the goods.

In substance the testimony is that the servant was sent with a wagon to get sacks of grain purchased by his employer and transport them to the barn of the employer. On arriving at the barn the servant unloaded all except two sacks of the grain which he left in the wagon and then driving to the defendant's place of business some distance away delivered the two sacks of grain to the defendant. If the grain did not pass into the constructive and legal possession of the employer when it was placed in the wagon, though it was in the actual custody of the servant, it did pass into the legal and constructive possession of the employer when the wagon with the grain arrived at the employer's barn. When the servant left the two sacks of grain in the wagon and took them away in the wagon with a felonious intent to deprive the owner of them he committed a trespass and the crime of larceny. See Commonwealth v. Berry, 99 Mass. 428, 96

AM. Dec. 767; Crocheron v. State, 86 Ala. 64, 5 South. Rep. 649, 11 Am. St. Rep. 18; Colip v. State, 153 Ind. 584, 55 N. E. Rep. 739, 74 Am. St. Rep. 322. It is quite immaterial whether the two sacks were unloaded at the employer's barn.

In Wilson v. State, 47 Fla. 118, 36 South. Rep. 580, the defendant hired a horse and buggy to be returned the next day. It was taken away and pledged to secure the payment of money then borrowed. A conviction for embezzlement was sustained. In this case there is evidence showing that a servant having the care and custody of his employer's property took it from the latter's premises without authority and with a felonious intent to deprive the owner of it, delivered it to the defendant who received it, knowing the same to have been stolen.

The assignments of error on charges given and refused on the subject of reasonable doubt are not well taken since the charges given are sufficiently accurate, entirely fair and could not reasonably have misled the jury to the defendant's prejudice. The refused charge was in substance similar to a charge given. A charge was given that the jury should not convict upon the testimony of an accomplice alone unless after a careful examination of such testimony they are satisfied beyond a reasonable doubt of its truth "and that they can safely rely upon it." The quoted part of the charge does not render the charge as given erroneous or harmful, since it did not qualify or reduce the force of the requirement that the jury should be "satisfied beyond a reasonable doubt of the truth" of the testimony of the accomplice.

The requested charge on the effect of the testimony of an accomplice was properly refused as it contained a statement that "it ought to be corroborated in material

facts," when the rule is that a conviction may be had on the uncorroborated testimony of an accomplice, when it satisfies the jury of the defendant's guilt beyond a reasonable doubt. See Knight v. State, 60 Fla. 19, 53 South. Rep. 541.

Affirmed.

BROWNE, C. J., AND TAYLOR AND ELLIS, J. J., concur.

WEST, J., disqualified.