(87 South. 623)

## FOX v. STATE.    (7 Div. 107.)

(Supreme Court of Alabama.   Dec. 2, 1920.)

**1. Larceny ⊙⟹3(2)—Trespass followed by felonious conversion is "larceny."**

Where accused originally secured possession of the automobile without the owner's consent by a tort trespass, and thereafter, while he retained possession, formed the intent to convert the property to his own use, he is guilty of larceny.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Larceny.]

**2. Larceny ⊙⟹3(2)—Possession under special contract not made "larceny" by subsequent intention.**

Where accused originally acquired possession of the property under a special contract with the owner, his subsequent felonious intent to convert the property to his own use does not make him guilty of larceny.

Certiorari to Court of Appeals.

Clifford Fox was convicted of grand larceny. From the judgment of the Court of Appeals affirming the judgment of conviction (17 Ala. App. 559, 87 South. 621), he brings certiorari. Writ denied.

Clifford Fox, petitioner here, was indicted under two counts; the first charging grand larceny, and the second charging embezzlement of an automobile. The court charged the jury there could be no conviction under the second count, and the defendant was convicted under count 1, charging grand larceny, from which he prosecuted an appeal to the Court of Appeals, resulting in an affirmance of the judgment.

The defendant reserved exceptions to certain portions of the oral charge of the court, set out in the petition in this cause, as follows:

"Felonious, as used in this indictment, means that he did it with the purpose to deprive the rightful owner of the benefit of his property rights in the property taken, and for the wrongful and fraudulent purpose of appropriating the property to himself.

"If you should find that occurred in this case, and that afterwards the defendant went back to the car, or went back to Williams' premises where the car was kept, and took it without permission, and without the consent of Williams or those who had authority to give Williams' consent, then it was a wrongful taking, and his possession was wrongful, and, gentlemen, if you

should be convinced beyond a reasonable doubt that this possession was wrongful, and that during the time this possession was wrongful this defendant—if he had the felonious intent to convert it to his own use, and did convert it to his own use, he would be guilty.

"Or if the rightful possession had ceased when he brought the car back to Williams' barn, and afterwards went back and took the car without the consent or without permission of Williams or his agents, then that possession would be wrongful, and if while in the wrongful possession of the property he formed the felonious intent to deprive the owner of the use, to deprive Williams' of his property, it would be larceny.

"But if the defendant got into the possession of this automobile wrongfully, and while thus in the wrongful possession of it made up his mind to convert it to his own use, and to convert it to his own use so as to deprive the owner of the benefit of his property right in the car, then it was a felonious intent, and a felonious taking; if you believe beyond a reasonable doubt that he took and carried away this car, it is your duty to convict."

The testimony for the state, as shown by the prosecuting witness Williams, tended to show some negotiations for a sale of the automobile in question by Williams to defendant, said sale to be a cash transaction, and that Williams let the defendant have the car for the purpose of trying it out, defendant to return the car within an hour; that defendant kept the car longer than the time specified, but did eventually return the same to Williams, the owner, and thereafter came and wrongfully took the car from Williams' barn. The evidence further shows that on the following morning Williams went in search of the car, and found it in front of defendant's house, but not in a runable condition [only one tire being on the car]; that Williams went to town for tires, and when he returned the car was again gone, and he was never again in possession of it.

The defendant insisted that he took the car under the agreement to purchase, and that he did not return it, as testified by Williams, and that his possession was continuous and rightful.

The court in its oral charge instructed the jury that for conviction it must be shown that defendant feloniously took and carried away the car, and that "feloniously" as used in the indictment meant that he did it with the purpose of depriving the rightful owner of the benefit of his property rights in the property taken, and for the wrongful and fraudulent purpose of appropriating the property to himself. The court further charged the jury that the first possession obtained by the defendant was rightful, but that if he brought the car back to the prosecuting witness and left it on his premises after having perfected the journey for which the car was let, the letting of the car for the purpose of the trip ceased and was no more, and the prosecuting witness was then entitled to the possession of the car; and if thereafter defendant went back on Williams' premises and took the car without the permission or consent of Williams or those having authority to give his consent, then it was a wrongful taking, and if the jury find the possession was wrongful, and that during the time of this possession he formed the felonious intent to convert it to his own use, and did convert it to his own use, he would be guilty.

P. E. Culli, of Gadsden, for appellant.

The court erred in its review and conclusions as to the charge of the trial court and the refusal by the trial court of the charges requested by the defendant. 17 R. C. L. §§ 1, 12, 27, 28; 70 Ala. 8, 45 Am. Rep. 67; 85 Ala. 17, 4 South. 691, 7 Am. St. Rep. 21; 86 Ala. 250, 5 South. 461, 11 Am. St. Rep. 37; 107 Ala. 154, 18 South. 109, 54 Am. St. Rep. 65; 58 Ala. 425, 29 Am. Rep. 762; 130 Ala. 60, 30 South. 396; 156 Ala. 44, 47 South. 302; 156 Ala. 112, 46 South. 856; 154 Ala. 7, 45 South. 900.

J. Q. Smith, Atty. Gen., for the State.
No brief came to the Reporter.

GARDNER, J. By this proceeding petitioner seeks to review the decision of the Court of Appeals, affirming the judgment of conviction against him for grand larceny.

The questions argued most strenuously by counsel for petitioner relate to the exception reserved to certain portions of the oral charge of the court, which will appear in the statement of the case.

[1] It was contended on the part of the state that while the possession first obtained by the defendant for a limited time was rightful, yet that after the expiration of that time the defendant returned the car to the owner, and thereafter, without his [owner's] knowledge or consent, wrongfully took the car from the owner's premises, and with felonious intent converted the same to his own use. Counsel lays particular stress upon that portion of the court's oral charge wherein the jury were instructed that if defendant did so wrongfully acquire possession of the property, and while thus in the wrongful possession the defendant conceived the purpose to subsequently convert it feloniously to his own use, and did so, this would be larceny. We are cited to 17 R. C. L. § 28.

Whatever may be the rule elsewhere, however, the court in this instance correctly declared the law, as determined in this jurisdiction. Speaking of this subject in Dozier v. State, 130 Ala. 57, 30 South. 396, the court said:

"If the criminating tendencies of the testimony in this case are to be believed, the taking was tortious, a trespass. And if after acquiring the property, he conceived and exe-

cuted the purpose subsequently to convert it feloniously to his own use or to the use of another, this would constitute larceny."

To the same effect, see Weaver v. State, 77 Ala. 26, and King v. State, 15 Ala. App. 67, 72 South. 552.

We are therefore of the opinion that when the portions of the oral charge of the court, to which exceptions are reserved, are considered in connection with entire charge there was no reversible error, and that the judgment of the Court of Appeals in so affirming is correct.

[2] However, in the opinion of the Court of Appeals is the following expression:

"If the defendant came into possession of the car with the consent of Williams, for the sole purpose of trying it out for a specified time, and the defendant changed the character of the possession, having at the time the felonious intent, it would be larceny."

Under the circumstances outlined in this quotation we are of the opinion that it discloses the defendant obtained possession of the car under a special contract, such as would constitute him a bailee thereof, and comes within the doctrine announced in Crocheron v. State, 86 Ala. 64, 5 South. 649, 11 Am. St. Rep. 18, Eggleston v. State, 129 Ala. 80, 30 South. 582, 87 Am. St. Rep. 17, Parker v. State, 111 Ala. 72, 20 South. 641, and Pierce v. State, 124 Ala. 66, 27 South. 269, to the effect there could be no conviction of larceny under such circumstances without proof of the felonious intent on the part of defendant at the time he received the car. This statement, however, in the opinion of the Court of Appeals was not necessary to a determination of the cause, as such had not been included in the oral charge of the court, and does not appear in any exception reserved thereto.

It results that while the foregoing expression does not meet with our approval, yet the decision of the Court of Appeals is correct, and the petition for certiorari will be denied.

Petition denied.

All the Justices concur.