O. E. LATHAM, *Plaintiff in Error*, v. THE STATE OF FLOR-
IDA, *Defendant in Error*.

## Division B.

Opinion Filed November 8, 1924.

Petition for Rehearing Denied November 26, 1924.

1. Establishment. of the prior conviction of the alleged prin-
cipal is an essential prerequisite to the entry of a valid
judgment of guilt against one indicted as accessory before
the fact.

2. Under the statute (Sec. 5111, Rev. Gen. Stat.) denouncing
the crime of burning property insured against loss or dam-
age by fire with intent to injure the insurer, the alleged
"intent to injure the insurer" is an element of the crime
necessary to be alleged and proved.

3. To an indictment charging B as principal and L as accessory
before the fact to the burning of certain described property,
insured against loss or damage by fire, with intent to injure
the insurance company named in the indictment as insurer,
B entered a plea of guilty as charged and was adjudged
guilty. Upon a trial of L on a plea of not guilty there was
a verdict of guilty as charged and he was adjudged guilty
by the court. On writ of error it is contended that in the
trial of the accessory the evidence is not sufficient to sus-
tain the verdict. *Held*: That the plea of guilty and the
adjudication of guilt of the alleged principal, confessing the
intent as well as the overt act of burning, together with the
evidence of the principal admitting the burning and stat-
ing that he was promised by the accessory a stated sum 'of
money for setting fire to the property if he, the accessory,
got his insurance, is sufficient basis for the verdict of guilty
as charged, and that the principal's admitted ignorance of
the corporate name of the insurance company which issued
the policy on the burned property does not render the evi-
dence insufficient.

A Writ of Error to the Circuit Court for Washington County, D. J. Jones, Judge.

Affirmed.

*Carter & Carter* and *A. D. Carmichael,* for Plaintiff in Error.

*Rivers Buford,* Attorney General, and *Marvin C. McIntosh,* Assistant, for the State.

WEST, J.—The Writ of Error in this case brings up for review a judgment of conviction of plaintiff in error upon an indictment charging him as accessory before the fact to the felony of burning personal property insured against loss by fire, with intent to injure the insurer. For convenience the indictment, omitting formal parts, is reproduced here:

"The Grand Jurors of the State of Florida, empanelled and sworn to enquire and true presentments make in and for the body of the County of Washington upon their oaths do present that Hilton Barefield of the County of Washington and State of Florida, on the third day of June in the year of our Lord One Thousand Ninen Hundred and Twenty-one in the County and State aforesaid, then and there being, did then and there set fire to and burn One Hundred and Thirty-five Thousand Feet, board measure, of lumber, a more particular description of which said lumber is to the Grand Jurors unknown, and which said lumber at the time of the burning thereof was then and there the property of J. E. Latham and O. E. Latham, a co-partnership and firm trading and doing business as J. E. Latham Lumber Company, and which said lumber was then and there insured in the sum of Five Thousand Dollars against loss and damage by fire, by the Globe and

Rutgers Fire Insurance Company, a corporation, he the said Hilton Barefield then and there having an intent to injure the said Globe and Rutgers Fire Insurance Company, a corporation, by burning said lumber, which said lumber was then and there the property of said firm of J. E. Latham Lumber Company. And the Grand Jurors aforesaid do further present that O. E. Latham was then and there on the third day of June, 1921, then and there personally present before the burning of said lumber, counseling, advising, encouraging, abetting and advising the said Hilton Barefield the aforesaid acts to do and commit, with intent to injure the said Globe and Rutgers Fire Insurance Company, contrary to the form of the Statute in such cases made and provided, to the evil example of all others in like case offending and against the peace and dignity of the State of Florida.''

Previous to the trial of plaintiff in error the principal had entered a plea of guilty to the charge and had been adjudged guilty by the court. Since the conviction of an accessory before the fact is dependent upon the guilt of the principal, establishment of the prior conviction of the principal in this case was an essential prerquisite to the entry of a valid judgment of guilt against plaintiff in error. Bowen v. State, 25 Fla. 645, 6 South. Rep. 459.

Under the Statute, an ''intent to injure the insurer'' is an essential element of the offense. §5111 Rev. Gen. Stat. And unless the principal, who set fire to and burned the property, is shown to have acted with ''intent to injure the insurer,'' the offense is not proved to have been committed, and there could be no conviction of plaintiff in error as accessory. Commonwealth v. Asherowski, 196 Mass. 342, 82 N. E. Rep. 13. But in this case the principal, by a plea of guilty, confessed his guilt, the ''intent to injure the insurer,'' which is the essence of the offense, as

alleged in the indictment, as well as the overt act of burning the property. Yet, it is contended that under the allegations of the indictment it was essential to a conviction of plaintiff in error as charged to produce evidence, other than the former conviction of the principal, that at the time of setting fire to the property the principal entertained an intent to injure the insurance company named in the indictment, which issued the policy upon the burned property, failing which, the verdict and judgment are without support of necessary proof.

The property alleged to have been burned was certain lumber at a saw mill. In the trial the principal was called as a witness on behalf of the State. He testified that Mr. Latham, plaintiff in error, pointed out to him the lumber to be set on fire, and that he, the witness, later put two and a half or three gallons of kerosene oil on the lumber and set it on fire. He was asked "Did Mr. Latham promise you anything?" and replied, "Yes, he promised me $100.00, paid me $25.00, told me if he got his insurance he would pay the other $75.00." He testified further that he didn't know that the Globe and Rutgers Fire Insurance Company had issued insurance policies on that lumber." But he did know of the insurance, and the remuneration expected for his part in the enterprise was in a large measure dependent upon collecting it. The natural conclusion from this evidence is that Mr. Latham, plaintiff in error, expected, as a result of the burning of the lumber, to benefit to the extent of the insurance, and that the principal entertained, at the time he burned the lumber, an intent to injure the insurer, is a legitimate inference. In the trial of plaintiff in error as accessory, if the principal's confession of guilt is not alone sufficient proof, or is not such a showing as dispenses with necessity of further proof of the alleged intent to injure the insurer, this confession,

coupled with the additional evidence adduced, is sufficient evidence of the intent to sustain the finding and judgment of guilt. The principal's ignorance of the name of the insurer (if intent against the insurance company named in the indictment is necessary) should not be permitted to neutralize his antecedent formal confession that at the time of setting fire to the property destroyed he entertained the intent alleged in the indictment. The indictment alleges that the lumber that was burned "was then and there insured in the sum of five thousand dollars against loss and damage by fire, by the Globe and Rutgers Fire Insurance Company, a corporation, he the said Hilton Barefield then and there having an intent to injure the said Globe and Rutgers Fire Insurance Company, a corporation, by burning said lumber." This allegation shows that the named corporation was "the insurer" of the lumber, and the allegation that the burning was with "an intent to injure" the named company was in effect an allegation of an "intent to injure the insurer," and a confession or proof of an intent to injure the insurer, whoever it may be, brings the act within the definition of the offense and within the allegation of the indictment.

Questions of credibility of witnesses and weight of evidence were determined by the jury, and this court has several times announced that the uncorroborated testimony of an accomplice is sufficient basis for a conviction. Moore v. State, 83 Fla. 270, 91 South. Rep. 180; Hatcher v. State, 74 Fla. 112, 76 South. Rep. 694; Knight v. State, 60 Fla. 19, 53 South. Rep. 541; Brown v. State, 42 Fla. 184, 27 South. Rep. 869. In material respects there is corroboration of the evidence of the accomplice, who testitfied as a witness in this case.

Other assignments do not require discussion. No harmful error being made to appear, the judgment is affirmed.

Affirmed.

WHITFIELD, P. J., AND TERRELL, J., concur.

TAYLOR, C. J., AND ELLIS AND BROWNE, J. J., concur in the opinion.