(126 So. 174)

## TAYLOR v. STATE. (4 Div. 613.)

Court of Appeals of Alabama. Jan. 14, 1930.

Rehearing Denied Feb. 11, 1930.

E. O. Baldwin, of Andalusia, for appellant.

Charlie C. McCall, Atty. Gen., and Merwin T. Koonce, Asst. Atty. Gen., for the State.

RICE, J. Appellant was convicted of the offense of grand larceny. It seems he had a contract with the Florala Lumber Company, a corporation, to cut certain timber for it, and, as the subject of the larceny, for which he was convicted, was specified portions of this timber, or the lumber made therefrom, his counsel advances, in his behalf, the proposition that, the timber being rightfully in his possession, he could not be convicted of its larceny "without proof of the felonious intent on the part of defendant at the time he received the property," citing Fox v. State, 205 Ala. 74, 87 So. 623.

The Attorney General counters with the proposition that "one who has the bare custody of property over which the owner exercises dominion or control, may be guilty of larceny upon forming the intent to deprive the owner thereof," citing King v. State, 15 Ala. App. 67, 72 So. 552. As a matter of fact, properly considered, we see no conflict between the holding in the King Case, and the Fox Case. But, however that may be, in the instant case there was at least some evidence

that the lumber which was alleged to have been feloniously taken, etc., by appellant, had been, previously, by him, delivered to the Florala Lumber Company, a corporation, and that when, and if, he took it, as the evidence on behalf of the state tended to show, such taking was without any color of right or excuse.

The general affirmative charge, requested by defendant, was properly refused.

The few exceptions reserved on the taking of testimony were to rulings either obviously correct, or of such inconsequential nature no reversal would be predicated upon them, even if erroneous. It is unnecessary to consider them seriatim.

We find nowhere any prejudicial error, and the judgment of conviction must be, and is affirmed.

Affirmed.