WESLEY HEARN, PLAINTIFF IN ERROR, VS. THE STATE OF FLORIDA, DEFENDANT IN ERROR.

Criminal Law—Accessory After the Fact—Appellate Practice—Motions to Quash Part of Record Proper—Section 2356 Revised Statutes Construed.

1.  Motions to quash indictments form part of the *record proper* in a case, and have no place in a bill of exceptions for an appellate court, and when evidenced to such court only in and by a bill of exceptions cannot be considered.

2.  The gist of the offence denounced by section 2356 of the Revised Statutes where aid or assistance is given to a felon, lies in *the intent* with which such aid or assistance is given. To fall within the inhibition of such statute, such intent must be that the felon shall avoid or escape either (1) detection, (2) arrest, (3) trial, or (4) punishment. In such cases the particular *intent* as laid in the indictment must be proved.

Writ of Error to the Criminal Court of Record for Duval County.

The facts in the case are stated in the opinion of the Court.

*John E. Hartridge*, for Plaintiff in Error.

*The Attorney General*, for Defendant in Error.

TAYLOR, C. J.:

The plaintiff in Error, Wesley Hearn, was tried and convicted in September, 1900, in the Criminal Court of Record for Duval county of the crime of being accessory after the fact of the felony of wilfully and maliciously burning a building of his own property, and sentenced to confinement in the penitentiary and to the payment of a money fine, and from such judgment takes writ of error.

The information upon which he was tried contains three counts. The first charging him with wilfully and maliciously counseling, hiring and inducing one Henry Hicks to wilfully and maliciously set fire to, burn and destroy the dwelling-house of him the said Wesley Hearn. The second charging him with so counseling, hiring and inducing the said Hicks to wilfully and maliciously set fire to, burn and destroy a certain building and furniture therein contained, the property of said Hearn, with intent to defraud three insurance companies having fire insurance policies thereon. Of the crimes charged in these two counts of the information the defendant was acquitted.

The third count, upon which he was convicted, is as follows: "And your informant aforesaid, upon his oath aforesaid, further information makes that the said Wesley Hearn of the county and State aforesaid in the county and State aforesaid, on the 17th day of May in the year of our Lord one thousand nine hundred, did then and there, the said Wesley Hearn not standing in the relation of husband or wife, parent or grand-parent, child or grand-child, brother or sister, by consanguinity or affinity to the said Henry Hicks, and with the intent that the said Henry Hicks should escape trial and punishment, did then and there maintain and assist the said Henry Hicks by then and there sending him, the said Henry Hicks, money and whiskey and advising him, the said Henry Hicks, to keep his mouth shut, he the said Wesley Hearn then and there knowing that the said Henry Hicks had theretofore, on, to-wit: the 9th day of May in the year of our Lord one thousand nine hundred, committed a felony, to-wit: had wilfully and maliciously set fire to and burned a certain building, to-wit: a house the property of the said Wesley Hearn,

which said house the said Henry Hicks had theretofore, on, to-wit; the 9th day of May in the year of our Lord one thousand nine hundred, wilfully and maliciously set fire to and burn; contrary to the form of the statute," etc.

The first error assigned is that the court erred in denying the defendant's motion to quash the third count in the information: This motion is evidenced to us only *in and by the bill of exceptions*, and does not appear in the record proper of the transcript certified here. As motions to quash indictments are based wholly upon matters of record, and are addressed directly to the court, demanding a decision directly upon the matter of record presented, so that the motion itself, the matter it presents and the ruling of the court thereon all appear of record, such motions and the rulings thereon form part of the record proper, in the cause, and have no place in a bill of exceptions, and when evidenced to an appellate court only by a bill of exceptions such court can not consider them. Brown v. State, 42 Fla. 184, 27 South. Rep. 869; Raines v. State, 42 Fla. 141, 28 South. Rep. 57. The first assignment can not, therefore, be considered.

From the conclusion we have reached on the evidence in the cause it becomes unnecessary to discuss any other of the assignments of error than the one predicated upon the denial of the defendant's motion for a new trial on the ground thereof that the testimony does not support the verdict, and that under the evidence no crime was committed under the third count of the information. The third count of the information, upon which the conviction was had, is predicated upon section 2356 of the Revised Statutes that reads as follows: "Whoever, not standing in the relation of husband or wife, parent or grand-parent, child or grand-child, brother or sister, by

consanguinity or affinity to the offender, after the commission of a felony, harbors, conceals, maintains or assists the principal or accessory before the fact, or gives such offender any other aid, knowing that he has committed a felony or been accessory thereto before the fact, with intent that he shall avoid or escape detection, arrest, trial or punishment, shall be deemed an accessory after the fact, and be punished by imprisonment," etc. The proofs in the record before us we think are sufficient to have established the fact that Henry Hicks had committed the felony of willfully and maliciously burning a house owned by Hearn for the purpose of defrauding insurance companies, and that Hearn had knowledge of the committal of such felony; that Hicks was arrested, lodged in jail, charged with burning the *dwelling-house* of Wesley Hearn, and of the last named felony had been convicted and sentenced to imprisonment for life; that while Hicks was in jail charged with such crime, the defendant sent to him at different times money, not exceeding $7.00 in the aggregate, a bottle of whiskey on one occasion, and sent him also the following written note:

"May 17th, 1900.

Mr. Henry Hicks, City.
     Dear Sir:
          Your note received. Reply will say I am sorry to know that things happen as it did. I am sure you had nothing to do with it, but whatever you do dont gave me and brass away, as it would cause me to luse my insuranc. If you will keep your mouth shut you will come out all O. K. I will send you the whiskey to make the medicine with, no mattter what they promises dont you

gave them brass's name or say anything you heard us talking about.

Your friend

Wes. Hearns.

Be sure and burn this up and dont right no more.."

And besides this note the defendant sent word to Hicks to "keep his mouth shut."

Under the above quoted statute, where aid or assistance is given to a felon the gist of the offence inhibited thereby lies in *the intent* with which such aid or assistance is given; such intent must be that the felon shall avoid or escape either (1) detection, (2) arrest, (3) trial, or (4) punishment. The particular *intent* charged in the information is "that the said Henry Hicks should escape trial and punishment." The only proof of such *intent* as charged is the bare fact that the defendant sent to the man Hicks, while securely confined in jail charged with a felony, a bottle of whiskey, for the expressed purpose of concocting some medicine with, several small amounts of money at different times aggregating not exceeding $7.00, and writes to him and sends him word to "keep his mouth shut." How, from this proof, it can be gathered that this assistance was rendered to Hicks by Hearn with the intent by the latter that the former should escape trial or punishment for the crime with which he was charged, it is impossible to discover. There is nothing in the mere fact of sending insignificant amounts of money and a bottle of whiskey to a prisoner in jail charged with crime with the advice or injunction that he shall keep his mouth shut, that tends to establish the fact that it was done *with the intent* that such prisoner should escape trial and punishment. Had the articles sent to the prisoner been a file, a saw, a bottle of iron destroying

acid or anything the nature or character of which would have indicated its purpose or design to have been escape from jail, or if the money sent had been of an unusually large amount, from which the design of bribery of the jailor might have been inferred, the *necessary intent* as charged might legitimately have been sustained thereon, but the bare fact of sending a bottle of whiskey and insignificant sums of money to the prisoner with the injunction to keep his mouth shut, unaccompanied by any other facts or circumstances from which such intent could legitimately be inferred, does not warrant the finding that such things were furnished with the intent that the party to whom they were sent should escape trial or punishment. It follows from what has been said that the verdict is not sustained by the evidence.

The judgment of the court below is reversed and a new trial awarded.