Allen H. Whorley v. The State of Florida—Syllabus.

ALLEN H. WHORLEY, PLAINTIFF IN ERROR, VS. THE STATE OF FLORIDA, DEFENDANT IN ERROR.

CRIMINAL LAW—ACCESSORY AFTER THE FACT—KNOWLEDGE OF FELONY COMMITTED MUST BE PROVED.

I.  In order to convict a party of the crime of  being accessory after the fact to a felony, as defined by Section 2356, Revised Statutes, it is indispensably necessary to prove that the party charged, at the time he rendered the forbidden aid or assistance to the felon, knew  that  he  had  committed a felony or was an accessory before the  fact to a felony; and it must  be further  shown that the aid or assistance  given  was done with the intention and for the purpose of having the felon to avoid or escape detection, arrest, trial or punishment.

Evidence considered and held to be insufficient  to support a conviction.

This case was decided by Division A.

Writ of Error to the Circuit Court  for  Escambia County.

The facts in the case are stated in the opinion of the

*John Eagan* and *Isaac L. Purcell,* for Plaintiff in Error.

*William B. Lamar,* Attorney-General, for te State.

TAYLOR, C. J.

The plaintiff in error, together with one Arthur H. Hogan, on information in the Criminal Court of Record for Escambia County, was tried and convicted of the crime of aiding and assisting one Frank Tolbert, charged with having received stolen property, knowing it to have been stolen, to avoid and escape detection, arrest, trial and punishment, and seeks reversal here of the judgment and sentence by writ of error.

Although the writ of error was sued out jointly by both of the defendants below, yet Whorley alone assigns error here, no errors being assigned on behalf of Hogan. This being true, the proceedings in error, in so far as Hogan is concerned, must be deemed and held to have been abandoned.

At the trial one of the State's witnesses, Eddie Allen, was permitted over the defendant's objection to testify that one Adams had told her he would give her $200 to leave town, and that Adams had told her that Whorley, the defendant, had said that if he could get her to leave town he would give her $200, and that Adams told her that Whorley had said that if she left town he could come clear, and that this conversation with Adams was since the arrest of Whorley; that Adams tried his best to persuade her to go with him; that she refused, telling him that if Whorley wanted her, to let him come to her house, and that Adams had replied that Whorley could not come because his lawyer had told him not to. The defendants also moved to strike this evidence out, but the motion was denied, and both rulings are assigned as error.

The court erred in permitting this evidence to go to the

jury, as it was hearsay pure and simple. Prior to its admission the State had questioned the party Adams alluded to therein as to whether he had made such offers to the witness Eddie Allen, but he had positively denied ever having made any such proposition to her, and had denied that he was ever authorized by Whorley to make her any such offers. There was, therefore, no room for admitting this evidence of the witness Eddie Allen for the purpose of impeaching the witness Adams, because Adams had merely denied having been authorized by Whorley to make any such offers, or that he had ever made any such offers on Whorley's behalf, with his authority, without giving any affirmative evidence adverse to the State who called him and contradictory to his alleged statements to Allen. Adams v. State, 34 Fla. 185 15 South. Rep. 905. The evidence was fraught with harm to the defendant, and, of itself, requires a reversal of the judgment.

The defendants moved for a new trial on the ground, among others, that the verdict was not supported by the evidence. The motion should have been granted upon this ground, if upon no other.

Section 2356 of our Revised Statutes, under which the plaintiff in error was informed against and convicted, is as follows: "Whoever, not standing in the relation of husband or wife, parent or grandparent, child, or grandconceals, maintains or assists the principal or accessory before the fact, or gives such offender any other aid, knowing that he has committed a felony or been accessory thereto before the fact, with intent that he shall shall be deemed an accessory after the fact, and be punished," &c. It is necessary to a conviction under this statute that it shall be proved that the defendant *knew*

avoid or escape detection, arrest, trial or punishment, when he extended aid or assistance to a party charged with crime that such party had committed a felony or been accessory thereto before the fact.    In this case there is no proof even tending to show that the plaintiff in error had any knowledge of the commission of any felony by the party Tolbert, or that he had been accessory before the fact to any felony.   The absence of such proof is fatal to a conviction under the quoted statute.

The main facts in the case briefly, but substantially stated, are about as follows:    Many burglaries, house breakings and larcenies had been committed in the city of Pensacola by unknown parties that baffled the police to detect.   One Graves, being found in possession of a stolen watch, was arrested by the police on the omnibus charge of being a dangerous and suspicious character.    The child, brother or sister, by consanguinity or affinity to the offender, after the commission of a felony, harbors, fore the mayor's court the following morning after his two defendants in this case, being in the business of going bail for offenders for hire, became sureties on Graves' bond for $100, conditioned for his appearance be-arrest.    On being informed by Graves that he had purchased the watch found on him from one Tolbert, who, Graves said, was then in Mobile, Alabama, the mayor asked him (Graves) if he would go to Mobile and point Tolbert out to the police there.   Upon Graves agreeing to go to Mobile the mayor told him to go to Mobile that same night on the train that left Pensacola at 11 o'clock p. m., and told Graves to tell the defendants, his bonds-men, that he, the mayor, would make their bond all right in Graves' absence.   The defendants on meeting Graves

during the afternoon were informed by him of his intend-
ed departure that night for Mobile and of what the
mayor had said about the bond they had given for
Graves' appearance next day before the mayor's court.
They declined to take Graves' words for it, or, as they
expressed it, declined to believe him $100 worth, and pro-
ceeded with him to the mayor's office either to have their
bond surrendered to them, destroyed or some written
acquittance thereof given to them, but when they got to
the mayor's office they found it closed, and failed to see
the mayor. Upon this they refused to permit Graves to
proceed to Mobile. Tolbert was arrested in Mobile with-
in a day or two afterwards by the police there, brought
over to Pensacola and convicted of some of the burglaries,
and was shown to have sold the stolen watch to Graves,
but whether he stole the watch himself or received it
knowing it to have been stolen, the record does not show.
Neither of the defendants was shown to have had any
connection with or knowledge of the misdoings of Tol-
bert.    Under the circumstances shown by the record be-
fore us we think that the defendants acted strictly within
their rights as sureties on the appearance bond of
Graves in preventing his departure out of the city and
State on an unauthorized mission to the State of Ala-
bama, and instead of being culpable in so doing, we think
their vigilance in the protection of their rights is to be
commended.

For the errors found the judgment of the court below,
in so far as it affects the plaintiff in error, Allen H.
Whorley, is reversed at the cost of the defendant in error,
and a new trial awarded, but we have no hesitation in
saying that unless the State can produce other and fur-
ther proof than is disclosed to us in the record here, it

will be a useless imposition of costs upon the county to go through another trial 'on the same facts adduced on the last.

The writ of error as to the plaintiff in error Arthur H. Hogan is dismissed at his cost.