ASBERRY BARNES, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error*.

CRIMINAL LAW—VARIANCE BETWEEN ALLEGATA AND PROBATA— EVIDENCE.

1. Where the indictment charges the larceny of "money orders" and the witnesses all speak of them as "pay checks," and some of

the stolen checks or orders introduced in evidence show on their face that they were orders for money drawn by one officer of a corporation on another officer thereof, there is no fatal or material variance between such *allegata* and *probata*. If the evidence substantially corresponds with the description in the indictment it is sufficient.

2. Where an unsigned money order is shown to have formed part of the contents of a sealed package that was stolen, and it is traced to the possession of the defendant after the theft of such package, such unsigned order is admissible in evidence as tending to prove the larceny of the sealed package that contained it with other signed orders, even though such unsigned order was without value or binding force.

This case was decided by Division A.

Writ of error to the Circuit Court for Dade county.

The facts of the case are stated in the opinion of the court.

*George A. Worley* (with whom was *R. H. Seymour* on the brief) for plaintiff in error.

*J. B. Whitfield,* Attorney-General, for the State.

TAYLOR, C. J.—The plaintiff in error was indicted, tried and convicted of the crime of larceny at the spring term, 1903, of the Circuit Court for Dade county, and seeks reversal here by writ of error. The indictment against him omitting its caption and formal commencement, alleges as follows: "That Asberry Barnes, late of the county of Dade aforesaid, in the Circuit Court aforesaid, laborer, on the second day of April in the year of our Lord one thousand nine hundred and three, with force and arms at and in the county of Dade aforesaid, did unlawfully and feloniously take, steal and carry away, of the property of the Florida East Coast Railway Company, a corporation existing under

46 Fla.—5

the laws of the State of Florida, one money order payable to Andrew Sellers for $8.10, and of the value of $8.10; also one money order payable to Isaac Austin for $7.85, and of the value of $7.85; also one money order payable to Richard Clark for $14.30, and of the value of $14.30; also one money order payable to Richard Green for $7.15, and of the value of $7.15; also one money order payable to Frank Mitchell for $10.70, and of the value of $10.70; also one money order for $10.75 payable to William Hartley for the sum of $10.75, and of the value of $10.75; also one money order payable to Butler Hines for $7.65, and of the value of $7.65; also one money order payable to William Murray for $10.50, and of the value of $10.50; also one money order for $.90 payable to Charlie Conney, and of the value of $.90; also one money order for $1.20 payable to George Green, and of the value of $1.20; also one money order for $9.05 payable to J. W. Williams, and of value of $9.05; also one money order for $2.00 payable to H. Smith, and of value of $2.00; said money orders or checks amounting to $90.15, and of the value of $90.15. Against the form of the statute," etc.

The defendant moved to quash this indictment upon the following grounds:

1st. Because the same does not charge any crime known to the laws of Florida, and does not sufficiently describe the offense sought to be charged, and the said indictment is vague, indefinite and insufficient in law.

2nd. Because the said indictment charges the larceny of money orders, and money orders are not under contemplation of the Florida statute subject to larceny, and the defense charged here is not contemplated by the statute.

3rd. Because the said indictment does not charge that the said corporation in said indictment alleged to be the owner of the money orders stolen to be a banking corporation as contemplated by the statute.

4th. Because said indictment does not charge that said offense was committed with intent to defraud any one or any person named as contemplated by the statute.

This motion was overruled and such ruling constitutes the first and second assignments of error.

The only contention here as to this assignment of error is that the indictment was predicated upon section 2444 of the Revised Statutes, and that under said section it was imperative upon the State to allege and prove that the East Coast Railway Company was an incorporated bank or banking company, or engaged in the banking business, as this section was designed for the punishment of those charged with stealing bank note paper, or paper used in the banking business; and further that said indictment is bad because it fails to charge that said offense was committed with intent to injure or defraud any person or corporation as provided by said section 2444, Revised Statutes. This contention is untenable. The indictment is not predicated upon section 2444 of the Revised Statutes, but charges larceny under the provisions of section 2440, Revised Statutes, as amended by chapter 4395, laws of 1895, and its averments are sufficient to charge an infraction of the last named statute.

The third assignment of error is the denial of the defendant's motion for new trial. The only contention here under this assignment is that the motion for new trial should have been granted on the ground of a fatal variance between the *allegata* and *probata*. That the indictment alleges that the property stolen consisted of money orders, and that all of the evidence showed such property to be "pay checks." This contention is untenable. Some of the stolen orders or checks proved to have been in the defendant's possession after the larceny of them, and which he was shown to have had cashed by various parties, were introduced in evidence, and on their face show that they are orders or checks for money drawn by one official of the Florida East Coast Railway Company upon its cashier. They were referred to as

"pay checks" by the witnesses, it is true, but were properly described by either appellation—"money orders," or "pay checks." A check being defined by Webster to be "an order for money." The terms "pay check" and "money order" meaning practically the same thing. In the language of the decision in *Glover v. State,* 22 Fla. 493, we think that the evidence on this point substantially corresponds with the description in the indictment.

The fourth assignment of error complains of the admission in evidence, over defendant's objection, of pay check or money order No. 52 for $7.85. The objection urged at the trial to the admission of this check was that it was not signed by the general road master of the said railway company, who signed all of the other checks, and was consequently of no value and could not be the subject of larceny. This check does not appear to have been signed by any one, and in such blank form may truly be said to have been of no value, but that fact, under the circumstances of this case, did not render it inadmissible in evidence. There was testimony tending to prove that such check, with a number of others, was sent in a sealed package to the agent of the railway company at Miami, in said county of Dade, to be delivered to another agent of such company to be by the latter delivered to the different parties, employes of such company, to whom they were respectively made payable. The testimony further tends to prove that such sealed package of checks, including the one objected to, was stolen from the office of the company's agent at Miami. The check objected to—No. 52—was shown to have been, subsequently to the theft, in the possession of the defendant, and that he procured the same to be cashed by another party. Under these circumstances, whether such check was legally valid and binding or not, or was of any value or not, it was admissible in evidence because the possession of it by the defendant after the theft tended to fasten upon him the theft of the

sealed package of checks that contained such unsigned check.

The fifth assignment alleges error in the court's permitting the indictment to be read to the jury after the evidence was all closed. The record before us discloses no such occurrence, and, therefore, this assignment has no basis in the record.

The sixth and last assignment of error complains of the court's refusal to give two instructions requested by defendant. We do not think there was any error committed in such refusals as the court had already substantially instructed the jury upon the points covered by such refused instructions.

Finding no error in the record, and the verdict being amply sustained by the evidence, the judgment of the Circuit Court in said cause is hereby affirmed. There having been made an affidavit of the insolvency of the plaintiff in error, the costs of this writ of error to be taxed against the county of Dade.

HOCKER and SHACKLEFORD, JJ., concur.

CARTER, P. J., and MAXWELL and COCKRELL, JJ., concur in the opinion.