BUCK DAUGHTREY, *Plaintiff in Error,* v. THE STATE OF FLORIDA, *Defendant in Error.*

1. An accessory before or after the fact may be indicted separately from the principal either before or after the latter's conviction; if before, the indictment must aver the principal's guilt; if after, it may allege either the guilt of the principal, or that he has been convicted without averring his guilt.

2. By the common law and in this State the conviction of the principal is an essential prerequisite, except in certain cases, to the punishment of the accessory, and the conviction required includes the judgment of conviction and not merely the verdict of a jury.

3. An indictment against an accessory which fails to allege the guilt of the principal, but merely that he was duly convicted by a jury at a specified term of the court, is fatally defective in that it fails to show a judgment of conviction but merely a conviction by the verdict of the jury.

This case was decided by Division B.

Writ of error to the Circuit Court for DeSoto county.

The facts in the case are stated in the opinion of the court.

*Sparkman & Carter* and *Wilson & Wilson* for plaintiff in error.

*J. B. Whitfield,* Attorney-General, for the State.

CARTER, P. J.—Plaintiff in error was indicted, tried and convicted in the Circuit Court of DeSoto county upon an

indictment purporting to charge him as an accessory before as well as an accessory after the fact to the felony of larceny.

Several assignments of error question the regularity of the term of the court at which the indictment was found and the trial had, but these assignments depend upon the same facts as do similar questions raised in the case of *Peeples v. State,* decided at this term, and are disposed of by the decision in that case.

The indictment does not charge the guilt of the alleged principal, but merely that he had been convicted of the principal felony at a former term of the court. The allegation with respect to the conviction is "that heretofore, to-wit: at the fall term of the Circuit Court of the Sixth Judicial Circuit of the State of Florida sitting in and for the county of DeSoto aforesaid for the year A. D. 1902, one Melvin Corbett was by the name of said Melvin Corbett duly convicted by a jury of said Circuit Court aforesaid for that," etc., reciting the allegations of the indictment against Corbett. This is the form given by Mr. Bishop (Directions & Forms, sec. 117) except that the words "by a jury of said Circuit Court aforesaid," following the word "convicted," do not appear in Mr. Bishop's form. The defendant moved to quash the indictment, one ground being based upon the use of the qualifying words "by a jury," etc. The court denied the motion, and the second assignment of error questions the propriety of this ruling. Mr. Bishop states that the accessory may be indicted separately from the principal either before or after the latter's conviction. If before, the indictment must aver the principal's guilt. If after, the indictment may allege either the guilt of the principal, or that he has been convicted without averring his guilt. Directions & Forms, sec. 117; 2 New Crim. Proc., sec. 11. In this case the pleader adopted the latter course, *i. e.,* alleging the conviction without averring the guilt of the principal. The allegation is that the principal was duly convicted "by a jury," etc. Is this allegation

sufficient, notwithstanding the use of the qualifying words "by a jury," etc.? In order to determine this it will be necessary to ascertain what is included in the term "conviction," within the meaning of the rule authorizing the conviction of the principal to be alleged in indictments of this character. By the common law, and in this State, the conviction of the principal is an essential prerequisite (except in cases not necessary to be noticed) to the punishment of the accessory. *Bowen v. State,* 25 Fla. 645, 6 South. Rep. 459; *Ex parte Bowen,* 25 Fla. 214; 6 South. Rep. 65. And the conviction required includes the judgment of conviction, and not merely the verdict of the jury. 1 Bish. Crim. Law, sec. 668; 2 Bish. New Crim. Proc., sec. 12; 1 Whart. Crim. Law, sec. 237; 1 McClain Crim. Law, sec. 216. We think, therefore, that in indictments of this character the allegation must be broad enough to include the judgment or sentence of conviction (Bishop's Directions & Forms, sec. 94; *Smith v. Commonwealth,* 14 S. & R. (Pa.) 69, and not merely the verdict of the jury. If the qualifying words "by a jury," etc., had been omitted from this indictment, we are not prepared to say that the allegation "was duly convicted" would not be sufficient to include the judgment of conviction, and consequently to require proof of the judgment in order to prove the allegation, but we think the additional words "by a jury," etc., qualify the meaning of the word "convicted," and confine its meaning to a mere conviction by the verdict of a jury, which is sufficient. In other words, this allegation would be sustained by proof of a verdict of guilty, though no sentence had been passed, or a new trial had been granted.

The judgment is reversed with directions that the Circuit Court grant the motion to quash.

MAXWELL and COCKRELL, JJ., concur.

TAYLOR, C. J., and HOCKER and SHACKLEFORD, JJ., concur in the opinion.