CHARLES C. KILLINGSWORTH, *Plaintiff in Error*, v. THE
STATE OF FLORIDA, *Defendant in Error*.

Division A.

Opinion Filed September 30, 1925.

Petition for Rehearing Denied November 5, 1925.

1. One charged as principal in the commisison of a crime is not
disqualified for that reason to testify in the trial of another
charged as accessory before or after the fact to such crime.
Nor is one accessory, because of his participation in the
crime, disqualified from testifying in the trial of another
accessory to the same crime.

2. Section 2706, Revised General Statutes, modifies the common
law rule upon the subject of the competency of persons as
witnesses who are jointly indicted and tried jointly.

3. Books of account, after being submitted to the inspection of
the trial court to determine whether they have been honestly
and fairly kept, are admissible in evidence, if so determined
by the court, not as the best evidence of which the subject
is susceptible, but as supplementary thereto.

4. Objections to evidence offered upon the ground that it is
immaterial and irrelevant are too general and will not be
considered if the evidence was admissible for any purpose.

5. Evidence of the identification by voice of one speaking over a
telephone is admissible when given by one party to the
conversation who was at the other end of the line.

6. Assignments of error which are merely stated in the brief
with a further statement of the court's ruling are not con-
sidered to be argued and will be treated as abandoned unless
the error of which complaint is made is so glaring as to need
no demonstration.

7. Where objection is made to certain testimony of a witness offerred on direct examination and the complaining party afterwards, upon cross examination of such witness, causes such evidence to be repeated and develops it by bringing out further details of the transaction, the original objection is considered as abandoned; not because the evidence upon direct examination was repeated, but because of the new matter relating to the same transaction brought out in cross.

8. No objection can be validly made to evidence which is brought out by the questioning of an adversary witness by the complaining party because such evidence turns out to be unfavorable to such party.

9. A wide latitude is given in the cross examination of a witness to ascertain his opportunities for observation, his attention, his interest and truthfulness.

10. One charged as an accessory before the fact may be convicted by a jury before the principal has been sentenced, but before the judgment of conviction may be entered against the accessory judgment of conviction must first be entered against the principal.

11. One charged as accessory before the fact to the commission of robbery, alleged to have been committed by the person charged as principal armed with a pistol and with intent to kill the person robbed if he should resist, may be convicted as accessory before the fact without showing that he likewise had an intention that the person to be robbed should be killed if he resisted.

12. An accessory before the fact is liable for any criminal act which, in the ordinary course of events, was the natural or probable consequence of the crime he advised or commanded, although such consequence may not have been intended by him; but for crimes which are the outcome of a total or substantial departure from his directions he is not liable.

13. It is not error for the court to refuse to read charges already given substantially.

14. Motions for new trials upon the ground of newly discovered evidence should not be granted where the evidence so discovered goes merely to impeach witnesses who testified at the trial, and where there is no showing that the defendant did not know of the existence of the evidence which he offers to produce at another trial, and where there is no showing of diligence in discovering the evidence, and where it is in part cumulative and does not go to the merits of the case.

15. Evidence examined and found sufficient to support the verdict.

A Writ of Error to the Criminal Court of Record for Hillsborough County; H. K. Oliphant, Judge.

Judgment affirmed.

*Sparkman & Knight* and *H. S. Phillips,* for Plaintiff in Error;

*Rivers Buford,* Attorney General, and *Marvin C. McIntosh,* Assistant, for the State.

ELLIS, J.—The plaintiff in error was tried and convicted upon an information charging in two counts James T. Albury, Jr., and George B. White, alias Jack White, with robbery by feloniously taking from Alonzo C. Clewis about twenty-one thousand dollars alleged to have been the property of The Exchange National Bank of Tampa, a corporation, and Charles C. Killingsworth, Roscoe D. Hogue, Edith Conway and F. M. Williams as accessories before and after the fact.

The money, consisting of currency and silver coin, was delivered into the hands of Mr. Clewis in the West Tampa Bank, of which he was president, by officers and employees of that bank, to be carried to The Exchange National Bank of Tampa, as had been done on other occasions. Mr.

Clewis was, at that time, Chairman of the Board of Directors of that Bank, which is a national banking corporation.  The amount of money delivered into Mr. Clewis' possession was twenty-four thousand, five hundred dollars.  It was delivered to him as messenger of The Exchange National Bank.  No receipt was taken at the time for the money by the Bank of West Tampa, but an entry was immediately made upon the books of that bank charging the sum to The Exchange National Bank.

The following day the Bank of West Tampa received through the mail an acknowledgment of the receipt from the Bank of West Tampa of the sum of twenty-four thousand dollars.

Upon receiving the money Mr. Clewis had the same placed in his automobile and drove away, intending to take the money to the Exchange National Bank, for which, as the latter's representative, he had obtained it from the Bank of West Tampa.  As he proceeded southward on Francis Avenue he was overtaken by two men in an automobile who drove alongside Mr. Clewis' car, forcing it to the curb and wrecking the car.  Under threat of violence, with drawn pistols, they forced Mr. Clewis to get out of his car and then they transferred all except five hundred dollars of the money from the Clewis car to their own automobile and rode away.  Mr. Clewis returned to the Bank of West Tampa the package containing five hundred dollars, which the robbers left in his automobile, and requested that the Exchange National Bank be credited with that amount.

Mr. Clewis, who testified for the State, identified the two men, James T. Albury, Jr., and Jack White as the two men who committed the robbery.

The offense was alleged to have been committed on April 23, 1924.  The defendant, Killingsworth, plaintiff in error here, pleaded not guilty on August 11th and was

put upon trial September 8, 1924. He was convicted on both counts and sentenced to imprisonment in the State prison.

He seeks a reversal of the judgment on writ of error.

There are twenty-six assignments of error. Two of them rest upon orders denying motions for a new trial and arrest of judgment. The first contains thirty-five grounds and has affidavits attached thereto in support of it. The other contains nine grounds.

It is contended that the evidence was insufficient to support the verdict. The testimony in the case is distributed through two hundred and ninety-six pages of typewritten matter. In so far as it relates to the defendant's participation in the crime it consists, in behalf of the State, of the testimony of James T. Albury, Jr., named in the information as one of the principals, Roscoe D. Hogue, named as accessory, and J. C. Beard, who at the time of the alleged crime was connected with the police force of the City of Tampa; all of whom testified to the defendant's participation in the crime as accessory before and after the fact, and other witnesses whose testimony, as to circumstances transpiring after the commission of the offense, was deemed to be corroborative.

The evidence for the defense consisted of the defendant's testimony in denial, corroborated by several other witnesses, some of whom testified to the unfavorable general reputation for truth and veracity of some of the witnesses for the State, while others testified as to the defendant's presence in other places than those in which the State's witnesses placed him at certain times after the commission of the offense when it is said he rendered aid and assistance to the principals to avoid arrest.

While the argument of counsel for the defense upon the insufficiency of the evidence to support the verdict is ingenious and able, we are not convinced of its conclusive-

ness in favor of the proposition. The witnesses Albury and Hogue were not disqualified to testify by reason of their joint indictment with the defendant or of their prior conviction as principal to and coaccessory of him. While their conviction may have gone to their credibility it was for the jury finally to determine how far such circumstances affected the value of their testimony as truthful statements of the events related by them.

The common law rule upon the subject of the competency of persons as witnesses who are jointly indicted and tried jointly is modified by statute in this State. See Section 2706, Revised General Statutes; Sumter v. State, 11 Fla. 247; Keech v. State, 15 Fla. 591; Bacon et al. v. State, 22 Fla. 51; Adams v. State, 28 Fla. 511, 10 South. Rep. 106; Jenkins v. State, 31 Fla. 196, 12 South. Rep. 677; Williams v. State, 42 Fla. 205, 27 South. Rep. 898.

If the witnesses were competent it was for the jury to judge of the sufficiency of their testimony, and if they believed it to be true beyond a reasonable doubt, it was, of course, sufficient to convict if it showed the defendant's complicity as an aider and abettor before and after the crime. Assuming that the jury believed the testimony of the accomplices as to the defendant's activities prior to the commission of the act, everything he did after the act was committed, by way of advising them of the existence of warrants for their arrest and suggestions as to means for avoiding it, was interpreted in the light of his former activities. What appeared upon its face as casual interest in his friends, after the commission of the crime, became serious concern for their safety and material aid in enabling them to escape arrest, in the light of the evidence that he counselled, abetted and procured the commission of the offense.

The evidence was sufficient to support the verdict.

The assignments of error numbered four, five and six are without merit.

The information alleged the ownership of the money to be in the Exchange National Bank of Tampa. Mr. Carraballo, an assistant cashier of the Bank of West Tampa, testified, over defendant's objection, that upon delivering the money to Mr. Clewis he charged the Exchange National Bank with the amount, and credited the bank of which he was cashier. The objection that the books of the bank were the best evidence of the transaction is more specious than sound. The ownership of the money in no wise depended upon the book entry. Mr. Clewis, as representative of the Exchange Bank, received the money. The Bank of West Tampa, whose property it was before the act of delivery, placed it in the hands of Mr. Clewis as the agent or representative of the Exchange Bank. There is no dispute in the record about this. When Mr. Clewis was robbed of the money it was in his possession as agent for the Exchange Bank. The transfer of title occurred when the money was delivered to Mr. Clewis as the agent of the Exchange Bank.

Prior to the enactment of the statute carried forward as Section 2738, Revised General Statutes, a book account was not admissible in this jurisdiction as evidence of the sale and delivery of goods. See Higgs v. Shehee, 4 Fla. 382.

The act was construed in the case of Hooker v. Johnson, 6 Fla. 730.

Such books, however, must be submitted to the inspection of the court to determine whether they have been honestly and fairly kept. See Dunbar v. Wright's Administrator, 20 Fla. 446; Lewis v. Meginniss, 30 Fla. 419, 12 South. Rep. 19; Stewart v. Stewart, 62 Fla. 388, 56 South. Rep. 413.

The statute did not supersede the common law rule; it was in aid of it. "The shop book rule" does not make the

books of entry the best evidence, but rather something in the nature of supplementary evidence supposedly growing out of the necessities of certain trades and businesses. See Robinson v. Dibble's Administrator, 117 Fla. 457.

The testimony of Mr. Carrabello as to similar transactions with the Exchange National Bank through Mr. Clewis, as its representative was not objectionable. The objection made was that it was immaterial and irrelevant. Such general objections are without merit if the evidence is admissible for any purpose. See Mercer v. State, 83 Fla. 555, 92 South. Rep. 535; Giswold v. State, 77 Fla. 505, 82 South. Rep. 44.

The evidence tended to show an understanding or agreement between the two banks as to the responsibility of ownership relieved as to one and assumed by the other and tended to establish the allegation of ownership of the money by the Exchange National Bank.

Roscoe Hogue, one of the witnesses for the State, testified that one night after the commission of the crime he had a conversation with the defendant Killingsworth over the telephone. It was objected that the testimony was inadmissible because the witness could not know "who was at the other end of the phone."

It would seem that the mere statement of this objection was sufficient to expose its weakness. The recognition of persons by their voices is a common occurrence, and is often the only means of identification. In Commonwealth v. Best, 180 Mass. 492, 62 N. E. Rep. 748, a witness was allowed to identify a wagon by its familiar rattle, although he did not see it at the time in question.

In this State a person was convicted of a capital offense upon the identification of him as the guilty party by his voice alone. See Mack v. State, 54 Fla. 55, 44 South. Rep. 706.

The eighth assignment of error is not argued. The mere

statement in a brief of the assignment of error and the ruling upon which it is based does not constitute an argument of the assignment and when error is not so glaring as to need no demonstration of it the assignment will be considered as abandoned. See Thomas v. State, 36 Fla. 109, 18 South. Rep. 331; Mathis v. State, 45 Fla. 46, 34 South. Rep. 287; Cannon v. State, 62 Fla. 20, 57 South. Rep. 240.

The ninth assignment of error rests upon the ruling of the court over defendant's objection permitting the witness Hogue to testify that he, the defendant Killingsworth, and Albury made a trip to Passagrille at the request of Mrs. Conway. On cross examination the defendant brought out the fact that Mrs. Conway paid the witness for the trip, and the money was divided between him and the defendant.

If there was error in permitting the name of Mrs. Conway to appear in the transaction the defendant voluntarily continued it by bringing out her name and her interest and that of the witness and the defendant in it. Mrs. Conway was named in the information as one of the accessories to the crime. Her association with the witness, the defendant, and Albury, afterward, all charged as participating in the crime, cannot be said to be inadmissible for any purpose. It was a circumstance from which might have been inferred the common interest of the parties in plans for eluding an arrest, as the transaction occurred shortly before.

The tenth, eleventh and thirteenth assignments of error are without merit. The witness Hogue, after his arrest, requested the officers having him in custody to take him before a certain attorney in the city before whom he desired to make a confession.

We are not able to follow the contention of counsel that such testimony was erroneously admitted. Besides they brought out the fact of the witness' visit there and his con-

fession upon cross examination. On re-direct examination the state attorney asked him why he asked to be taken there. There was no need for the question because the witness upon cross examination had said that he went there to make a confession. The defendant cannot complain of testimony which he brings out because it happens to be unfavorable or unnecessary and immaterial.

Counsel perceive harmful error in the testimony of Mrs. Albury, who said that sometime before the commission of the crime she saw her husband come from the office of the defendant with a "hand bag and a gallon can," but they do not point out in what the injury consisted. It was probably utterly useless, irrelevant and worthless as part of the State's case, but in what the injury to defendant consisted we are not informed further than the suggestion that the gallon can in the hands of Albury implied the violation of the "liquor law" by defendant. That process of reasoning we do not follow unless we invoke the doctrine of Solomon that the "wicked flee when no man pursueth." But in that case the inference of guilt would be drawn not from the fact but the fear that the fact might be taken as evidence of guilt. Besides, subsequently on cross examination of the witness counsel for the defendant brought out the fact that the gallon container had "moonshine liquor" in it. So if there was any legitimate doubt as to the contents of the can referred to by the State Attorney's examination of the witness, the defense removed it upon cross.

The plaintiff in error, who became a witness in his own behalf, testified upon his direct examination that he went to Passagrille with Hogue and Albury. Upon cross examination he was asked why he went there with these men. The defendant objected to the question as "not cross examination, and is incompetent, irrelevant and immaterial."

The objection was not well taken and no motion was

made to strike the answer. It is a sufficient answer to the objection that the question was in cross.

The eighteenth assignment of error questions the correctness of a charge which informed the jury that before. the defendant, who was charged as accessory to Albury and White, could be convicted the two principals must be shown to have been convicted of the crime, and that such charge against the two principals could be established by a plea of guilty, or by a verdict of guilty, with an adjudication by a competent court having jurisdiction, that they were guilty. The charge as given is in the following language:

"Before you can convict or find the defendant guilty in this case, you must first find that the said James T. Albury and the said George B. White committed said robbery upon said Alonzo C. Clewis, as charged in the information, and this charge against the said principals, towit, James T. Albury, Jr., and George B. White, must be established by the State by competent evidence beyond a reasonable doubt. This charge of robbery against the said principals, towit, Jack White and the said James T. Albury may be established by a plea of guilty, or by a verdict of guilty, with an adjudication by a competent court having jurisdiction, that they were guilty, and the court having jurisdiction over such offense, if committed in Hillsborough County, Florida, is the Criminal Court of Record for said county."

Counsel construe the charge to mean that the defendant could be found guilty if the evidence established his guilt upon proof that one or both of the principals had entered a plea of guilty. Their contention as we gather it, being that there could be no verdict of guilty against the plaintiff in error, charged as accessory, unless the evidence established a conviction of the person or persons charged as principals.

That is not the law if by the term conviction is meant an adjudication by the court of the guilt of the principal or principals. An accessory may be placed on trial with his principal and both may be found guilty by the jury, one as principal, and the other as accessory, but before a judgment of conviction may be entered against the latter the judgment must be entered against the former. It is true that the conviction of the principals is an essential prerequisite, except in certain cases, to the punishment of the accessory. See Bowen v. State, 25 Fla. 645, 6 South. Rep. 459; Ex parte Bowen, 25 Fla. 214, 6 South. Rep. 65; Daughtrey v. State, 46 Fla. 109, 35 South. Rep. 397.

In the Daughtrey case the accessory was indicted separately from the principal, and the latter was alleged to have been "convicted by a jury." The question was whether that was a sufficient allegation of conviction to support the indictment upon which the defendant was to be tried. It was pointed out that the indictment did not charge the guilt of the principal, but merely that he had been convicted by a jury.

An accessory may be indicted either before or after the principal's conviction. If before, the indictment must allege the principal's guilt. If after, it may allege either the principal's guilt or that he has been convicted without alleging his guilt. The indictment in the Daughtrey case alleged conviction without alleging guilt of the principal. The court's decision upon the question of the indictment's sufficiency was that the phrase "convicted by a jury," the language used in the indictment, was not a sufficient allegation of conviction, which term includes the judgment of conviction not merely the verdict of a jury.

The case is not authority for the position taken by counsel.

In the case at bar the principals and accessories were informed against at the same time in the same information

which fully alleged the guilt of the principals. One of the principals had pleaded guilty, the other had been convicted by a jury. The charge informed the jury that the charge of robbery against the principals may be established by a plea of guilty, or by a verdict of guilty with an adjudication, by a competent court having jurisdiction, that they were guilty.

The charge was more favorable to the defendant than the law provides because he could have been convicted by the jury as an accessory in the absence of evidence of an adjudication of guilt by the court of the principal, although no valid judgment upon the verdict could be entered against the defendant until a valid judgment of conviction had been entered against the principal. See Latham v. State, — Fla. —, 102 South. Rep. 551.

Such has been the holding of this court. No contention is made here that the court has entered no judgment of conviction against the principals upon the plea of guilty in one case, and the verdict of the jury in the other.

The charge, which announced the proposition that an accomplice is a competent witness, and his uncorroborated testimony if believed by the jury might be sufficient to justify a jury in convicting one charged as accessory was correct. The case of Tucker v. State, 64 Fla. 518, 59 South. Rep. 941, cited in the brief of plaintiff in error, is not applicable.

The information charges that the principals, when committing the robbery, were armed with pistols with intent, if resisted, to kill and maim Alonzo C. Clewis. Counsel contend that before the defendant, who was charged as accessory before the fact, could be convicted as charged, the State should prove that he had a like intent. A charge to that effect was requested and denied. The ruling is the basis for the twentieth assignment of error. No citation of authority is made, nor is the proposition supported by

argument. While the point is presented in the assignment it is in reality abandoned because it is not argued. In the rapidly increasing business of this court, aid from counsel in the discussion of the points presented by argument, as well as the citation of authority, is very welcome and facilitates the accurate disposition of business. The bare statement that a request to charge a certain proposition, quoting it, was refused and the assertion that in counsel's opinion the refusal was erroneous, is not argument, and the assignment, therefore, merits no consideration. However, we will give our reasons for holding the assignment not well taken.

In this State, robbery is a felony whether committed by one armed or unarmed. In the latter case there must be the element of force, or of putting in fear. In one case the punishment prescribed is greater than in the other by five years. The crime of being an accessory before the fact to a felony is also a felony, and is committed by *aid* in the commission of the felony, *or* by counselling, hiring or otherwise procuring it to be committed. In the instant case the defendant was charged with aiding, as well as counselling, hiring and procuring the felony to be committed. The doctrine is that to render one guilty as an accessory before the fact, he must have had the requisite criminal intent, but he need not necessarily have intended the particular crime committed by the principal. An accessory is liable for any criminal act which, in the ordinary course of things was the natural or probable consequence of the crime he advised or commanded although such consequence may not have been intended by him. But for crimes which are the outcome of a total or substantial departure from his directions or instructions he is not liable. See 12 Cyc. 191.

The use of deadly weapons or the use of force or putting the victim in fear is a natural or probable consequence of the crime of robbery. The requisite criminal intent is the

felonious taking from another of his money or property. See Sections 5055-5056, Revised General Statutes.

The accessory before the fact is necessarily a conspirator with the actual perpetrators of the offense because he discusses the commission of the offense with them, helps in their plans, counsels and procures its commission; he is, therefore, equally liable for the acts of his associates.

In the case of murder where the accessory is charged as principal in the second degree, this court has held that the premeditated design must be proven as against the defendant. See Savage and James v. State, 18 Fla. 909; McCoy v. State, 40 Fla. 494, 24 South. Rep. 485; Easterlin v. State, 43 Fla. 565, 31 South. Rep. 350.

In the latter case Easterlin was convicted of the crime of aggravated assault. See also Henry v. State, 81 Fla. 763, 89 South. Rep. 136.

But the rule of law as to the liability of accessories before the fact, as announced above, has in no other respect been changed by judicial decision in this State.

The cases cited in support of the twenty-second assignment of error, which involves the question of liability as occurring after the fact, are not analogous, because in the case at bar the defendant was also charged as accessory before the fact, and the proof was sufficient to convict, and the charge given by the court was full, and covered the proposition submitted in the request.

In the Hearn case, 43 Fla. 151, 29 South. Rep. 433, the defendant was charged as accessory after the fact and the court held that the *intent* alleged in such case to avoid detection, arrest, trial or punishment must be proved as laid.

In the Whorley case, 45 Fla. 123, 33 South. Rep. 849, the defendant was charged with being accessory after the fact. The court held that there must be proof showing that the defendant either knew that a crime had been committed or that the felon was an accessory before the fact.

The case of Wren v. Commonwealth, 26 Gratt. (Va.) 952, is a Virginia case. The defendant was charged as an accessory after the fact, and the same rule was applied.

The Texas and California cases cited are not applicable. These views also dispose of the twenty-third assignment of error.

The twenty-fourth assignment rests upon the court's refusal to give the following charge requested by the defendant:

"5. The Court instructs you that an accessory after the fact is one who maintains, assists and otherwise gives aid to the person who commits the crime, after knowing that such person has committed the crime, with the intent that such person shall avoid and escape detection, arrest, trial and punishment. To constitute a person guilty of this offense such person must give some relief or assistance to the person who committed the crime and to him personally. There must be some active assistance. Mere failure to disclose the commission of a felony or permitting the felon to escape, falsifying concerning his knowledge of the facts in regard to the commission of the offense, denying knowledge of the crime, receiving stolen goods from the thief or robber, aiding in the concealment of the stolen goods is not sufficient to make one an accessory after the fact."

The court fully instructed the jury upon the two phases of defendant's alleged guilt. as accessory before and after the fact, and in such general charge correctly gave, in substance, the propositions requested.

It is not error for the Court to refuse to read charges already given substantially. Dixon v. State, 13 Fla. 636; Killins v. State, 28 Fla. 313, 9 South. Rep. 711; Barnes v. State, 46 Fla. 96, 35 South. Rep. 227; Jordan v. State, 50 Fla. 94, 39 South. Rep. 155; Johnston v. State, 65 Fla. 492, 62 South. Rep. 655; Hall v. State, 78 Fla. 420, 83 South. Rep. 513.

We find nothing in the record to support the sixth and seventh grounds of the motion for a new trial. The affidavits submitted in support of the motion, being those of Loyd J. Gay and the defendant and Mrs. Lizzell Banta, contain averments which attack the credibility of certain witnesses for the State who were Mrs. Albury and J. C. Beard. The counter affidavit of Beard denied the averments contained in that of the affiant Gay. While that of the affiant Mrs. Banta raised a question of veracity between her and the witness Mrs. Albury, there is no showing that the defendant did not know of the facts disclosed by her affidavit. The purpose of these grounds of the motion was to enable the defendant to procure evidence to impeach two witnesses; there is no showing of diligence nor do the averments go to the merits of the case, and they are in part cumulative, at least as to the witness Beard. See Judge v. Moore, 9 Fla. 269; Howard v. State, 36 —— 21, 17 South. Rep. 84; Williams v. State, 68 Fla. 88, 66 South. Rep. 424, Herndon v. State, 73 Fla. 451, 74 South. Rep. 511; Long v. State, 42 Fla. 612, 28 South. Rep. 855.

The information was not defective, and there is no basis for the motion in arrest of judgment.

We discover nothing in the record proper to support the averment that the Judge who tried the case was disqualified, or had no jurisdiction.

Finding no error in the record the judgment is affirmed.

WEST, C. J., AND WHITFIELD, TERRELL, STRUM AND BROWN, J. J., concur.