' PER CURIAM.
The appellant was found guilty of possession of a firearm by a convicted felon, and was sentenced thereon to imprisonment in the state penitentiary for a period of two years. He filed this appeal therefrom.
Upon stopping the appellant for a driving traffic violation, the police learned a bench warrant was outstanding against him, for which he was then arrested. On a search following such arrest, of the automobile which the appellant had been driving, the police found and seized a .357 magnum caliber revolver. The weapon was in the glove compartment type console located between the driver’s seat and the front passenger seat. The top of the compartment was raised and the grip or butt of the gun was protruding therefrom, and thus was exposed to view so that it was observable to the police upon looking into the car.
The appellant moved to suppress the (gun) evidence, contending the search and seizure were unlawful. Denial of the motion by the trial court was on the ground that the defendant was without standing to so move to suppress the evidence because he was on probation. In Echols v. State, Fla.App.1967, 201 So.2d 89, 93-94, it was held that a defendant who was on parole was without standing to suppress contraband found on his person.
In the decision of this case we need not, and do not express an opinion on whether the trial court was correct in holding that because the defendant was on probation he was thereby without standing to move to suppress the evidence. This is so because the denial of the motion to suppress was correct and entitled to be upheld *520 on two other grounds. Peerless Ins. Co. v. Sun Line Helicopters, Inc., Fla.App.1965, 180 So.2d 364; State v. Alvarez, Fla.App.1972, 258 So.2d 24. Having taken the driver into custody based on the previously issued and outstanding warrant, the search of the car he was driving was authorized and lawful. Chapman v. State, Fla.App.1964, 158 So.2d 578. Also, when the gun was visible in the car, the plain view rule authorized seizure thereof. State v. Clarke, Fla.App.1971, 242 So.2d 791; State v. Gustafson, Fla.1972, 258 So.2d 1; United States v. Drew, 5 Cir.1971, 451 F.2d 230.
A second contention of the appellant was that the evidence was insufficient to sustain the position of the conviction of the appellant for possession. Upon consideration thereof in the light of the record and briefs we hold the contention of insufficiency of the evidence is without merit.
Affirmed.