289 So.2d 421 (1974)
Holley Curtis TAYLOR, Appellant,
v.
The STATE of Florida, Appellee.
No. 73-595.
District Court of Appeal of Florida, Third District.
January 22, 1974.
*422 Appleton, Ernst, Miller & Kirwan, Key West, for appellant.
Robert L. Shevin, Atty. Gen. and Joel D. Rosenblatt, Asst. Atty. Gen., for appellee.
Before PEARSON, CARROLL and HENDRY, JJ.
PER CURIAM.
The appellant was informed against, tried by a jury and convicted on separate counts of unlawful possession of heroin and unlawful possession of marijuana. He was adjudged guilty and sentenced to imprisonment for a period of two and one half years on the first count, and one and a half years on the second count, with provision for the sentences to be served concurrently.
Appealing therefrom the appellant contends the trial court erred in denying his motion for mistrial, made when the state presented testimony that he was an inmate of a state prison camp. We find no error, and affirm.
For conviction of a prior offense the defendant had been confined at Big Pine Road Prison, on Big Pine Key in Monroe County. At the time of his arrest for the offenses involved in this case he was in the status of extended custody, residing apart from the prison camp under a work release program agreement.
Having become advised of certain actions of the defendant which were considered to be in violation of the work release agreement and for which the defendant was entitled to be taken into custody and returned to the prison, the officer in charge thereof, with two Monroe County officers, went to the apartment occupied by the defendant for the purpose of taking him into custody and returning him to the camp. The defendant invited them in. The prison officer searched him, and found on his person a substance which the defendant then stated was "grass." The officer then delivered the substance (marijuana) to a Monroe County officer who arrested the defendant for possession thereof. A subsequent search of the apartment with benefit of a warrant disclosed further contraband, with possession of which the defendant was charged.
The defendant moved to suppress the evidence, contending it was obtained on an illegal search and seizure. The trial court correctly denied the motion, on the ground that the defendant was in a status of extended custody in which the official of the prison camp was entitled to search him without a warrant. Cf. Echols v. State, Fla.App. 1967, 201 So.2d 89, 93-94; Lavazzoli v. State, Fla.App. 1973, 281 So.2d 519.
At the trial the prison captain testified to the above facts, as the basis for the search, namely that the defendant was an inmate of the prison camp on extended custody under a work release agreement, the terms of which were understood by the captain to have been violated.
The appellant argues that disclosure of the fact that he was an inmate of the prison camp supplied information to the jury that he had previously committed some crime, and that such disclosure constituted ground for mistrial, the denial of which, appellant argues, was reversible error.
We do not agree. The circumstances of the case were such, as in a prosecution for escape, that it was proper, if not essential in order to justify the arrest and search of the defendant without a warrant, to reveal the facts as to his status which permitted the search by the prison official.
*423 Secondly, defendant's counsel on cross-examination brought out evidence of the custody status of the defendant and with reference to his work release agreement. See Killingsworth v. State, 90 Fla. 299, 105 So. 834, 837; United States v. Truitt, 5 Cir.1971, 440 F.2d 1070. Moreover, the direct and uncontradicted evidence of guilt of the offense of possession of the drugs was such that the disclosure in evidence of the status of the defendant as an inmate of the prison camp, was harmless error, not basis for reversal. See Garcia v. State, Fla.App. 1973, 278 So.2d 678 and cases cited there.
No reversible error having been shown, the judgment is affirmed.