353 So.2d 652 (1977)
Charles LOWMAN, Appellant,
v.
The STATE of Florida, Appellee.
No. 76-2262.
District Court of Appeal of Florida, Third District.
December 27, 1977.
Bennett H. Brummer, Public Defender, Paul Morris, Asst. Public Defender, and Thomas Wills, Special Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen. and Margarita G. Esquiroz and Jose R. Rodriguez, Asst. Attys. Gen., for appellee.
Before NATHAN and KEHOE, JJ., and CHARLES CARROLL (Ret.), Associate Judge.
PER CURIAM.
Appellant, defendant below, was convicted by a jury of robbery (Count I) and display of a firearm while committing a felony (Count II). He was sentenced to twenty years imprisonment on Count I and fifteen years on Count II, the second sentence to run concurrently with the first. Subsequently the court suspended the sentence *653 on Count II. It is from this conviction and his sentence that defendant appeals.
While attempting to depart from the home of his girlfriend, defendant passed through the living room in which the girl's mother lay sleeping. The mother awakened, defendant pointed a gun at her, and stole her wallet.
Count I of the information charged defendant with taking the wallet and the cash therein. During the course of trial, the girlfriend's father testified that another $150 in cash, a watch and a gold cross were also missing from the house. Before closing arguments, defense counsel requested the court to instruct the jury to disregard the testimony regarding the cash, watch and cross as pertaining to a separate offense not charged in the information. The request was denied. Defense counsel renewed his request for a curative instruction and moved for a mistrial in the alternative. Both motions were denied.
Defendant contends that the trial court committed reversible error in denying his motion to instruct the jury to disregard a collateral crime or in the alternative to declare a mistrial; that since the adjudication of guilt on Count I is void, the trial court erred in adjudicating defendant guilty on Count II because conviction on Count II is dependent on conviction on Count I; and that the court erred in entering a suspended sentence on Count II since both convictions arose from the same transaction.
In regard to defendant's first contention, the record reveals that the defense never objected to the elicitation of the testimony herein challenged as immaterial and prejudicial, nor moved to strike it. On the contrary, defense counsel extensively cross examined three prosecution witnesses on the issue of the missing property in an effort to impeach their credibility. This combination of failure to raise timely objections and exploitation for impeachment value is sufficient of itself to vitiate defendant's argument. See Killingsworth v. State, 90 Fla. 299, 105 So. 834 (1925); Taylor v. State, 289 So.2d 421 (Fla.3d DCA 1974). But the record also reveals that the actual instructions given the jury defined the law in a manner sufficient to encompass the substance of the requested charge. Refusal to give a requested charge when it is covered by charges given is not error. Yost v. State, 243 So.2d 469 (Fla.3d DCA 1971); White v. State, 324 So.2d 115 (Fla.3d DCA 1975), cert. dism., 339 So.2d 1173 (Fla. 1976); Zuberi v. State, 343 So.2d 664 (Fla.3d DCA 1977).
Our finding on the above point obviates the need to discuss defendant's second contention. As to his final assertion that the sentence on Count II, though suspended, was improper, we note that the offenses charged were violations of separate statutes. Thus the fact that they arose from the same criminal episode is not dispositive of the propriety of the sentence imposed. Estevez v. State, 313 So.2d 692 (Fla. 1975); Jenkins v. Wainwright, 322 So.2d 477 (Fla. 1975); Johnson v. State, 338 So.2d 556 (Fla.3d DCA 1976); Harris v. State, 338 So.2d 880 (Fla.3d DCA 1976); Williams v. State, 346 So.2d 67 (Fla. 1977).
Affirmed.