FERGUSON, Judge.
Rojelio Cabrera Castillo appeals from a final judgment of conviction and sentencing for second-degree murder and for unlawful possession of a firearm while engaged in a criminal offense. He raises two points as error: (1) admitting into evidence self-incriminating statements attributed to him which were taken without Miranda warnings, and (2) permitting the prosecutor to cross-examine him as to an irrelevant prior bad act. We affirm.
Rojelio Castillo returned to the residence where he rented a home on the afternoon of May 29, 1980 to find the victim apparently intoxicated and physically aggressive toward the victim’s girlfriend and others present. An argument ensued. Castillo left the room, returned, and shot twice at the victim. Castillo then went outside and told a neighbor to call the police. When the police arrived Castillo handed them the gun. Castillo claimed at trial that he shot the victim in self-defense.
At the pre-trial motion to suppress statements of the defendant, one of the officers who had been at the scene testified that the defendant asked him if the victim was dead and that on the officer’s response in the negative, Castillo said that the officer should give him back the gun so he could finish the victim off. Another officer at the scene testified that he did not hear such a statement. Castillo denied making the statement.
We find no reversible error by the trial court in refusing to suppress the defendant’s statements to the officer. The court’s determination that the statements *37 were spontaneous and freely given and were not the product of interrogation is supported by the record. See Spikes v. State, 405 So.2d 430 (Fla. 3d DCA 1981) (state not required to establish waiver where defendant volunteers statements). Nor is there any suggestion that the statements were the result of any unlawful activity on the part of the police officers. See, e.g., State v. Beck, 390 So.2d 748 (Fla. 3d DCA 1980), pet. for rev. denied, 399 So.2d 1140 (1981).
Appellant claims that the trial court committed reversible error in permitting the prosecutor, on cross examination, to question him regarding a specific prior crime pursuant to Section 90.404(2), Florida Statutes (1979) because the inquiry was irrelevant to any fact in issue and tended only to prove bad character or propensity. That two-question inquiry and responses are found at page 306 of the record:
Q. [By prosecutor] Mr. Castillo, did you ever tell a police officer that you have blown up a train of Russians when you lived in Cuba?
A. No.
Q. You never said that, sir?
A. I don’t recall having said that.
On redirect examination by defense counsel on the same subject appellant changed his testimony and admitted that he had told police officers about derailing a Russian military train while in Cuba and that as a result he had spent time in prison. We first note that there was no contemporaneous objection to the prosecutor’s questioning. Further, even if there had been a timely objection it would have been considered abandoned after defense counsel further explored the subject and brought out all the alleged prejudicial details. Killingsworth v. State, 90 Fla. 299,105 So. 834 (1925); Taylor v. State, 289 So.2d 421 (Fla. 3d DCA 1974).[1]
No reversible error having been shown the judgment and sentence are AFFIRMED.

. Though we affirm on grounds that the issue was not preserved for review, the error of inquiring whether defendant had admitted to a prior bad act, which act is only questionably bad, and to which the reply was a denial, was non-prejudicial in this self-defense case and, therefore, harmless. See Clark v. State, 378 So.2d 1315 (Fla. 3d DCA 1980). See, e.g., Harrell v. State, 405 So.2d 480 (Fla. 3d DCA 1981); Taylor v. State, supra.