# KAMERLING v STATE OF FLORIDA

## Case No. 87-97AC10 (County Court Case No. 87-12141MM10)

Seventeenth Judicial Circuit, Broward County

November 8, 1988

### APPEARANCES OF COUNSEL

**James B. Boone,** for appellant.

**James P. McLane,** Assistant State Attorney, for appellee.

### OPINION OF THE COURT

LEROY H. MOE, Circuit Judge.

THIS CAUSE having come before this Court upon Appellant's appeal of the judgment and sentence imposed upon her by the trial court, the Court, having received appellate briefs, having heard oral argument of counsel on Thursday, July 14, 1988, and being fully advised in the premises, finds that:

The facts as testified to by the police officer who stopped Appellant's

vehicle, i.e., that Appellant was driving in a zig zag fashion for several blocks, interpreted in light of the officer's knowledge and experience, gave the officer reasonable suspicion to stop Appellant. Further, Appellant had no right to counsel during field sobriety and chemical tests. *State v Hoch,* 500 So.2d 597 (Fla. 3d DCA 1986); *Nelson v State,* 508 So.2d 48 (Fla. 4th DCA 1987).

This Court also finds the Information filed in this case properly excluded any mention of Appellant's prior D.U.I. conviction and that this claim, along with Appellant's claim that the Information cited a different statute number, were waived by Appellant's failure to object prior to or at trial. *State v Wimberly,* 459 So.2d 456 (Fla. 5th DCA 1984). *See, also, Rubin v State,* 368 So.2d 69 (Fla. 3d DCA 1979).

This Court also finds the trial court properly denied Appellant's motion to dismiss as a result of a portion of Appellant's videotape being erased since it found, in its discretion, that the erased portion of the tape would not prejudice the Appellant. *State v Sobel,* 363 So.2d 324 (Fla. 1978). Further, the police officers' testimony that Appellant had an odor of alcohol on her breath, that her balance was shaky, that her coordination was poor, that her speech was slurred, that her face was flushed, and that her eyes were bloodshot, provided substantial competent evidence to prove that Appellant was driving while under the influence of an alcoholic beverage to the extent her normal faculties were impaired. *Tibbs v State,* 397 So.2d 1120, 1123 (Fla. 1981); *State v Edwards,* 463 So.2d 551 (Fla. 5th DCA 1985).

This Court further finds the trial court properly allowed Appellant's statements made on two separate occasions to police officers into evidence as being spontaneously and voluntarily made prior to her arrest. *Castillo v State* 412 So.2d 36 (Fla. 3d DCA 1982).

This Court lastly finds that the trial court did not abuse its discretion by failing to hold a separate implied consent hearing from Appellant's trial since there is no language in FS § 322.261 requiring such a separate hearing.

Accordingly, for the foregoing reasons, it is hereby,

ORDERED AND ADJUDGED that the Judgment and Sentence of the trial court is AFFIRMED.

DONE AND ORDERED in Chambers, at the Broward County Courthouse, 201 Southeast Sixth Street, Fort Lauderdale, Broward County, Florida 33301, this 8th day of November, 1988.